Morrie Slifkin, J.
In this action, defendant, an attorney, is sought to he cast in damages for allegedly failing to prepare a new last will and testament prior to the death of his client, the plaintiff’s aunt. It is claimed that the decedent instructed the defendant to name the plaintiff as beneficiary of the right of first refusal to purchase the decedent’s real estate for the sum of $2,500, the present value of such property approximating $30,000.
A second cause of action seeks specific performance of this right by the defendant, as the executor of the decedent’s will.
Defendant makes this motion for an order dismissing the complaint on the ground it fails to state a cause of action (CPLR 3211, subd. [a], par. 7). The motion is granted.
There is no doubt that an attorney may he held to answer his client in damages for acts of misfeasance or nonfeasance, (7 C. J. S., Attorney and Client, § 148; 7 Am. Jur. 2d, Attorneys at law, § 167 et seq.; Degen v. Steinbrink, 202 App. Div. 477, affd. 236 N. Y. 669) as this proposition may be seen to flow from ordinary principles of agency. (See Blaustein, Liability of Attorney to Client in New York for Negligence, 19 Brooklyn L. Rev. 233 [1953]; Notes, 37 Va. L. Rev. 429; 63 Col. L. Rev. 1292.)
The more difficult question involves the attorney’s liability to third parties. In general, it is established that an attorney owes no duty to third persons for acts committed bona fides in the performance of his obligation to his client (Hakala v. Van Schaick, 171 Misc. 418) and this remains the rule even where neelie-ence results in damage to the third party. (Dallas v. Fassnacht, 42 N. Y. S. 2d 415, 417; Vernes v. Phillips, 266 N. Y. 298, 301.)
*686 However, should it appear that the third party’s damage was occasioned by the attorney’s wrongful act, fraud, or collusion, a different result must obtain (7 Am. Jur. 2d, Attorneys at Law, § 196; Dallas v. Fassnacht, supra; Kasen v, Morrell, 18 Misc 2d 158; Savings Bank v. Ward, 100 U. S. 195).
An examination of the potential theories on which liability for an attorney’s simple negligence to third parties may be predicated -must perforce include those of the third-party beneficiary rule and the dispensation of the contractual privity requirement. A recent exposition indicates the development of a new trend in which attorneys may be held liable to third persons, under prescribed circumstances, for professional negligence (Ann. 45 ALR 3d 1181, 1185, 1190, § 4, par. [a]; 1191, § 4, par. [b]). Much of the spearhead in this direction comes to the law from well-considered cases in the State of California (Lucas v. Hamm. 56 Cal. 2d 583, cert. den. 368 U. S. 987; Biakanja v. Irving, 49 Cal. 2d 647; Ann. 65 ALR 2d 1358; Haldane v. Freedman, 204 Cal. App. 2d 475; Heyer v. Flaig, 70 Cal. 2d 223).
There are, of course, reasons of policy which persuade courts to adopt views on sensitive and important issues. However, the final arbiter of the question must be the highest judicial tribunal of the State. This court, sitting at Special Term, must declare the law as it finds it, and no appellate authorities in Hew York have been presented which would permit a deviation, at this stage, from what appears as the New York principle, namely, that absent privity of contract, the simple omission by an attorney to prepare a new will or codicil naming a new beneficiary of some part of the decedent’s estate does not, by itself, render the attorney liable to the alleged beneficiary (Maneri v. Amodeo, 38 Misc 2d 190). The first cause of action must therefore be dismissed.
The second cause for specific performance must likewise be dismissed as it must be predicated on the first. Without a legal basis to enforce for her benefit the alleged retainer of the defendant by the deceased, specific performance cannot be mandated.
Submit order on notice dismissing the complaint in its entirety.