Leonard Leigh Finz J.
The gratuitous undertaking by an attorney to perform a service for one not his client has presented a rather unique problem when the service volunteered is not performed or performed improperly.
The plaintiff, Schwartz, loaned the sum of $50,000 to H. S. Lithographers Ltd., whose name was subsequently changed to Hallmark Lithographers Ltd. In order to secure the loan, the plaintiff took back a security agreement covering all of the machinery, equipment and accounts receivable of the aforementioned corporation. In addition, the plaintiff, Schwartz, obtained a personal guarantee of payment by the plaintiffs, Potash. Upon the conclusion of the transaction and the execution of the necessary papers, it is alleged that the defendant, *883 Weisinger, who was the debtor-borrower’s attorney and who had drawn the required documents, agreed to file and thereby perfect the security agreement as required by subdivision (1) of section 9-401 of the Uniform Commercial Code. It is undisputed that the attorney filed the security agreement with the Secretary of State of the State of New York but failed to file a copy thereof in Nassau County, where Hallmark’s sole place of business was located.
The section hereinabove referred to (Uniform Commercial Code, § 9-401, subd [1], par [c]) which covered the instant transaction provides: "[I]n all other cases, in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such county”.
Thereafter, in October of 1975, Hallmark the debtor-bar-rower filed a petition for an arrangement under the bankruptcy law and was adjudicated a bankrupt on March 21, 1976. The trustee in bankruptcy being apprised of the situation above described, challenged the effectiveness of the preference attempted to be created by the security agreement. This issue was decided adversely to the plaintiff lender in accordance with the ruling in P. S. Prods. Corp. v Equilease Corp. (435 F2d 781) the court having found that there was no valid security interest effective against the trustee in bankruptcy since there was no perfecting of the security agreement as required by the Uniform Commercial Code. Consequently, the plaintiff, Schwartz, became a general creditor and the trustee in bankruptcy acquired the machinery, equipment and all other items supposedly covered by the security agreement.
The plaintiff now claims to have been damaged to the extent of the unpaid portion of the loan, to wit, $32,231.85 plus interest. The defendants, who were the debtor-borrower’s attorneys, oppose the motion, claiming that at no time were they retained by the plaintiff. They contend further that they are not liable to a third party under the circumstances of this case. In support of this contention they urge the adoption of Victor v Goldman (74 Misc 2d 685) which states: "In general, it is established that an attorney owes no duty to third persons for acts committed bona ñdes in the performance of his obligation to his client (Hakala v. Van Schaick, 171 Misc. 418) and this remains the rule even where negligence results in damage to the third party. (Dallas v Fassnacht, 42 N.Y.S.2d 415, 417; Vernes v. Phillips, 266 N.Y. 298, 301.)”
*884 The same case, however, goes on to state (p 686) the following: "An examination of the potential theories on which liability for an attorney’s simple negligence to third parties may be predicated must perforce include those of the third-party beneficiary rule and the dispensation of the contractual privity requirement. A recent exposition indicates the development of a new trend in which attorneys may be held liable to third persons, under prescribed circumstances, for professional negligence (Ann. 45 ALR3d 1181, 1185, 1190, § 4, par [a]; 1191 § 4, par [b]).”
The discussion contained in the American Law Reports (Ann, 45 ALR3d, pp 1181, 1185, 1190) addresses the instant issue before this court,
"Applying the general rule that no action for breach of contract could be brought by one not in privity of contract, it was held for many years that in an action arising out of his professional duties, an attorney could not be held liable to one other than his client in the absence of fraud or collusion.”
"In more recent times, the strict requirement of privity of contract has been eased in many situations. * * * With the case of McPherson v. Buick Motor Co. [217 NY 382, 11 NE 1080 (1916)] the privity requirement began to assume less importance in one area of the law after another. The court began to recognize liability to third persons where the actor negligently rendered services which he should have recognized as involving a foreseeable injury to the third party”. (45 ALR3d 1184-1185.)
And so we find the statement of New York’s position in this matter: "[T]he New York principle, namely, that absent privity of contract, the simple omission by an attorney to prepare a new will or codicil naming a new beneficiary of some part of the decedent’s estate does not, by itself, render the attorney liable to the alleged beneficiary”. (Victor v Goldman, 74 Misc 2d 685, supra, p 686.) (Emphasis added.)
In so stating, the court recognized the obsolescence of the strict privity doctrine. Indeed, this approach has found growing popularity in courts of sister States: "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection *885 between the defendant’s conduct and the injury suffered, the moral blame attached to the defendant’s conduct, and the policy of preventing future harm.” (Biakanja v Irving, 49 Cal 2d 647, 650; 65 ALR2d 1358.)
Stewart v Sbarro (142 NJ super 581) involves a transaction concerned with the buying and selling of stock. Pursuant to the agreement, the buyer was to execute a second mortgage on the premises, as security for their agreement to pay an outstanding note. At the closing, the mortgage was not signed and the buyer’s lawyer agreed to secure full execution of the documents. He failed to do so and when the defendant, Sbarro, went bankrupt, the plaintiffs were relegated to the position of unsecured creditors in the bankruptcy proceedings.
In reversing a judgment in favor of the attorney, the court adopted the previously mentioned criteria and said: "It is true that generally an attorney is not liable to third persons for negligence in the performance of his professional duties. * * * But this rule is not all encompassing. Thus, where an attorney assumes a fiduciary obligation, it applies to persons who, though not strictly clients, he has or should have reason to believe rely on him. * * * We believe, moreover, that where, as here, an attorney undertakes a duty to one other than his client, he may be liable for damage caused by a breach of that duty to a person intended to be benefited by his performance, [continues to cite previous quotation]” (Stewart v Sbarro, supra, p 593.)
In the instant case, the transaction in which defendant’s negligence occurred was intended primarily for the benefit of the plaintiff. Harm to the plaintiff from defendant’s negligence in failing diligently to file and perfect the security agreement was clearly foreseeable. That the plaintiff suffered damages as a result of defendant’s acts and that plaintiff’s loss was competently produced by the said acts, is manifested by the facts presented. Thus in applying the formula set down in the above-cited cases, it is clear that here the defendant subjected himself to liability.
It should be pointed out, furthermore, that the situations usually dealt with in the cases concerning an attorney’s liability to third parties, involve an attorney’s negligence as to his duties to his client which adversely affect an interested third party. Thus we have Victor v Goldman (supra) as an example of the cases in which a testator instructs his attorney to draw up a will in a particular manner, and the attorney *886 fails to do so. The intended beneficiary thereby suffers a loss as a result of the attorney’s negligence.
Here, the situation is significantly different. The plaintiff dealt with the defendant face to face. The attorney, though in fact engaged by the defendant corporation, undertook a duty to the plaintiff personally. No longer is there a problem of privity of contract. No longer is there the relationship of a third party beneficiary. Granted, that it was initially the duty of the plaintiff to file the papers in order to preserve his position as a secured creditor. Once the defendant voluntarily assumed the duty to file these papers, he had a positive duty to do so.
"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other’s person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform the undertaking, if: (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other’s reliance upon the undertaking.” (Restatement of Torts 2d, § 323.)
"Where a person voluntarily assumes the performance of a duty, he is required to perform it carefully; he must not omit to do what an ordinarily prudent man would do in performing the task.” (41 NY Jur, Negligence, § 22.)
The court had, despite diligent searching, failed to uncover a case directly involving an attorney in the situation here present. There are, however, numerous cases relating to the rule here mentioned. (Marks v Nambil Realty Co., 245 NY 256; Paul v Staten Is. Edison Corp., 2 AD2d 311; Zibbon v Town of Cheektowaga, 51 AD2d 448; see, also, the very recent case Parvi v City of Kingston, 41 NY2d 553.)
In the case at bar, the defendant attorney failed to exercise such care as the duty he assumed to perform required, and the plaintiff had indeed relied on such performance to his detriment. The eminent Justice Cardozo observed: "The risk reasonably to be perceived defines the duty to be obeyed, and risk imparts relation; it is risk to another or to others within the range of apprehension.” (Palsgraf v Long Is. R. R. Co., 248 NY 339, 344.) These words, in various forms, have been quoted and cited so often it would be impossible to list all such citations here.
Accordingly, judgment is granted in favor of the plaintiff, *887 Schwartz, against the defendants. His action shall be severed and set down for an assessment of damages.
That portion of the motion seeking summary judgment in favor of the plaintiffs, Potash, is denied. No affidavit by either of them appears, nor is there annexed to the papers any documentation setting forth the nature and extent of their guarantee or their liability thereon.