OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Special Term granting defendant Brownstein’s motion to dismiss the complaint as against him for failure to state a cause of action reinstated.
The allegations of the complaint are described in the opinions at Special Term and in the Appellate Division. We agree with those courts, and for the reasons stated by them, that the complaint does not state a cause of action in negligence, abuse of process or malicious prosecution. Nor does it allege a cause of action for what is sometimes labeled a "prima facie tort”, i.e., "the intentional malicious injury to another by otherwise lawful means without economic or social justification, but solely to harm the other” (Morrison v National Broadcasting Co., 24 AD2d 284, 287, revd on other grounds 19 NY2d. 453). Whatever may be the constraints imposed by the Code of Professional Responsibility with the associated sanctions of professional discipline when baseless legal proceedings are instituted by a lawyer on behalf of a client, the courts have not recognized any liability of the lawyer to third parties therefor where the factual situations have not fallen within *780 one of the acknowledged categories of tort or contract liability. That there are proposals before the Legislature to create new liabilities in such a circumstance (e.g., Senate Bill No. 8002 and Assembly Bill No. 10586 [1978], to amend Civil Rights Law, § 70) is an additional reason for judicial restraint in response to invitations to recognize what is conceded to be perhaps a "new, novel or nameless” cause of action. We conclude that the complaint fails to state a cognizable cause of action.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the order of Special Term reinstated in a memorandum. Question certified answered in the affirmative.