601

Argued and submitted June 9, affirmed October 6,
reconsideration denied November 13, 1980,
petition for review allowed February 4, 1981

**BOB GODFREY PONTIAC, INC.,**
*Appellant,*
*v.*
**ROLOFF, et al,**
*Respondents.*

(No. 78-5902, CA 16378)

617 P2d 672

Richard C. Houghton, Eugene, argued the cause
and filed the brief for appellant.

William G. Wheatley, Eugene, argued the cause for
respondents. With him on the brief was Jaqua &
Wheatley, P.C., Eugene.

Before Gillette, Presiding Judge, and Roberts and
Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff appeals from the summary judgment in its action against defendant attorneys alleging violations of the duties of an attorney as set out in ORS 9.460, a portion of the Oregon State Bar Act.

ORS 9.460 provides:

"An attorney shall:

"* * * * *

"(4) Employ, for the purpose of maintaining the causes confided to him, such means only as are consistent with truth, and never seek to mislead the court or jury by any artifice or false statement of law or fact;

"* * * * *."

Plaintiff alleges that subsection 4 of this statute was violated in an action brought by plaintiff against Ruth Mellen for payment of the purchase price of an automobile which was sold to Mellen by plaintiff. Mellen retained defendants to represent her in that legal action and this action was commenced as a result.

Plaintiff's second amended complaint states,

"* * * * *

"IV

"That during the course of the proceedings of said lawsuit, Defendants Larry Roloff and Douglas Melevin used means that were not consistent with the truth and sought to mislead the Court and jury by artifice and false statements of fact in the following particulars:

"A. By intentionally falsely alleging in the pleadings that Plaintiff had sold the automobile to Defendant Ruth Mellen with warranties.

"B. By intentionally falsely alleging in the pleadings that Plaintiff had failed and refused to repair alleged defects in the automobile purchased by Ruth Mellen from Plaintiff at no cost to Ruth Mellen.

"C. By allowing Ruth Mellen to give false sworn testimony to the effect that Plaintiff had never offered to repair her automobile if it were defective at no charge to her.

"D. By seeking to exclude testimony and evidence from the Court and jury as to Plaintiff's offers to fix

Defendant Ruth Mellen's automobile at no cost to her if the automobile purchased were defective.

"* * * * *."

Defendants demurred and the court sustained the demurrer as to allegations A, B and D, finding them insufficient to state a cause of action, and finding that allegation C did not sufficiently allege intention on the part of the defendants. Plaintiff assigns as error the granting of this demurrer.

After the demurrer was sustained plaintiff filed a third amended complaint which alleged:

"IV

"That during the course of the proceedings of said lawsuit, Defendants Larry Roloff and Douglas Melevin used means that were not consistent with the truth and sought to mislead the Court and jury by artifice and false statements of fact in the following particulars:

"By intentionally allowing Ruth Mellen to give false sworn testimony to the effect that Plaintiff had sold Ruth Mellen an automobile with warranties, and that Plaintiff had never offered to repair her automobile, if it were defective, at no charge to her.

"* * * * *."

A demurrer filed by defendants was overruled. Defendants answered and filed a motion for summary judgment which was granted.

Plaintiff only assigns as error the sustaining of the demurrer to the second amended complaint. This appeal seeks a determination of whether ORS 9.460(4) provides a private right of action and, if it does, whether the allegations in the second amended complaint are sufficient to state a cause of action under ORS 9.460(4). Plaintiff relies on *O'Toole v. Franklin,* 279 Or 513, 569 P2d 561 (1977), for the proposition that such a private right is created by the statute.

The Supreme Court in *O'Toole* did suggest that such a private right might exist by the following language:

"It is true that duties expressed in these provisions of the Oregon State Bar act run to members of the public beyond an attorney's clients. \* \* \*

"Violations of duties of this kind often do give rise to private right of action independent of the common law. In an analogous area, the Supreme Court of the United States recently decided that the duty to refrain from 'manipulative or deceptive devices' imposed by the Securities Exchange Act of 1934, 15 USC § 78j(b), would support a civil liability of accountants who aided and abetted a broker to breach this duty by knowingly performing incomplete and ineffective audits, but not upon an allegation that they did so negligently. *Ernst & Ernst v. Hochfelder,* 425 US 185, 96 S Ct 1375, 47 L Ed 2d 668 (1976). [Footnote omitted.] \* \* \*" 279 Or at 523.

The court did not actually reach the question of whether the statute would give rise to a private right, however, because the allegation in *O'Toole* was one of negligence and not of a deliberate breach of a statutory duty.

Of course, the Supreme Court's statement in *O'Toole* is dictum, not binding precedent. In view of the potential ramifications of a rule such as plaintiff here seeks, we believe that the Supreme Court, if squarely faced with the problem, would follow the weight of authority in other jurisdictions to the effect that a statute or rule setting forth the duties of an attorney toward clients or the public does not create a new and separate tort action. *See, e.g., Noble v. Sears, Roebuck & Co.,* 33 Cal 3d 654, 109 Cal Rptr 269 (1973); *Martin v. Trevino,* 578 SW2d 763 (Tex Civ App 1978); *Drago v. Buonagurio,* 413 NYS2d 910, 386 NE2d 821, 46 NY2d 778 (1978); *Hill v. Willmott,* 561 SW2d 331 (Ky App 1978); *Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc.,* 358 F Supp 17, *affirmed* 477 F2d 598 (6th Cir 1972); *Bickel v. Mackie,* 447 F Supp 1376 (1978); *Tingle v. Arnold, Cate & Allen,* 199 SE2d 260, 129 Ga App 134 (1973); *Lyddon v. Shaw,* 372 NE2d 685, 56 Ill App 3d 815 (1978). These cases have relied upon various rationales, *e.g.:*

"\* \* \* [S]ince a litigant's free access to the courts would frequently be of little value to him if he were denied counsel of his choice by a rule which rendered

attorneys fearful of being held liable as insurers of the merits of their client's case, and therefore unwilling to undertake representation in close or difficult matters. The very purpose of a court of law is to determine whether an action filed by a party has merit and we refuse to recognize a rule which would render a litigant and his attorney liable in tort for negligently (or even, willfully and wantonly) failing to determine in advance that which, ultimately, only the courts could determine. * * *" 372 NE2d at 690.

And:

"The attorney owes a duty to his client to present his case vigorously in a manner as favorable to the client as the rules of law and professional ethics will permit. He is an advocate and an officer of the court. He is cognizant of the public policy that encourages his clients to solve their problems in a court of law. In our opinion, when representing his client in the initiation of a law suit, he should not be judged by a different standard. * * * The attorney must have the same freedom in initiating his client's suit as the client. If he does not, law suits now justifiably commenced will be refused by attorneys, and the client, in most cases, will be denied his day in court." *Hill v. Willmott, supra,* 561 SW2d at 334.

The statute relied upon by plaintiff deals with professional ethics and the discipline of attorneys. The statute immediately following, ORS 9.480, states:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"* * * * *

"(5) He is guilty of wilful violation of any of the provisions of ORS 9.460 * * *."

We conclude that ORS 9.460 is not meant to define tortious conduct on the part of attorneys but that it is intended as a standard of prescribed behavior, violation of which subjects attorneys to the disciplinary procedures also provided in that chapter.[1]

---

[1] We are not here deciding whether plaintiff may have a cause of action under some other theory of law.

The trial court was correct in granting defendants' demurrer.

Affirmed.