■ STANLEY SCHULMAN et al., Respondents, v JACOB KRUMHOLZ et al., Individually and Doing Business as 42 KISSENA REALTY and KRUMHOLZ REALTY, Appellants. — In an action to recover damages for tortious harassment, defendants appeal from an order of the Supreme Court, Queens County, dated May 23, 1980, that granted plaintiffs' motion for leave to serve an amended complaint. Order reversed, on the law, with $50 costs and disbursements, and motion denied. Plaintiffs are tenants in an apartment in a building owned by the defendants. Plaintiffs commenced this action in August, 1971 to recover damages for the physical anguish and mental distress they incurred as a result of a campaign of harassment defendants allegedly undertook against the plaintiffs in order to force plaintiffs to vacate their apartment. Issue was joined in December, 1971. By notice of motion dated February 14, 1980, plaintiffs moved for leave to serve an amended complaint to add one paragraph to allege essentially that the tortious conduct of defendants had continued "up to the present date". Amendment of a complaint will not be permitted if there is prejudice to the opposing party. Prejudice in this context means that "the original pleading did not contain what the pleader seeks to add in the amended one" (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:6, p 477). In the present case, plaintiffs are alleging additional facts and occurrences, not a new theory of recovery based on facts already pleaded. The new facts proposed to be pleaded comprise new causes of action and, therefore, the amendment must be disallowed. Amending the complaint as plaintiffs proposed constitutes an evasion of the one-year Statute of Limitations applicable to intentional torts, which is the nature of the torts pleaded herein. If plaintiffs were allowed to amend, they would be permitted

to prove the allegedly tortious conduct that has occurred from the date of the commencement of the action "to the present time". If, on the other hand, plaintiffs were required to commence a new action to allege the subsequent misconduct, they would be able to allege only that tortious conduct which had occurred within one year prior to the commencement of the new action. Mangano, J.P., Rabin, Margett and Weinstein, JJ., concur.