■ MARION G. HARDER, Respondent, v ARTHUR F. McGINN, JR., P. C., et al., Appellants. (And One Other Appeal.) — Appeals (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered May 5, 1981 in Albany County, which granted defendants' motion to strike the case from the calendar of the court, and (2) from an order of said court (Pennock, J.), entered July 15, 1981 in Albany County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action. Defendant attorney represented plaintiff's former husband in an article 78 proceeding against the New York State Environmental Conservation Department, which ended when the Appellate Division granted the Attorney-General's motion to dismiss for failure to file a brief and record within the required time. Plaintiff contends that,

because of her former husband's indebtedness to her under a judgment of divorce, she was injured as the result of defendant's alleged negligent failure to properly represent her ex-husband. The order denying defendants' motion to dismiss should be reversed. "Since an attorney in this State is not liable to third parties for negligence in performing services for his client, a cause of action so based on negligence cannot prevail" (*Drago v Buonagurio,* 61 AD2d 282, 285, revd on other grounds 46 NY2d 778). In the absence of any allegations of fraud, collusion, malicious or tortious acts or other special circumstances giving rise to any professional duty owed to her by defendant, the complaint fails to set forth any ground upon which defendant attorney could be held liable to plaintiff, whom he never represented (*Gifford v Harley,* 62 AD2d 5; *Victor v Goldman,* 74 Misc 2d 685, affd 43 AD2d 1021). Therefore, the order of Special Term denying the motion to dismiss the complaint should be reversed, and the motion granted. This renders moot plaintiff's appeal from the order striking the case from the calendar. Order entered July 15, 1981, reversed, on the law, without costs, and motion to dismiss complaint granted. Appeal from order entered May 5, 1981, dismissed, as moot, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.