■ MURRAY GOLDNER et al., Respondents, v SULLIVAN, GOUGH, SKIPWORTH, SUMMERS AND SMITH et al., Appellants. — Order modified and, as modified, affirmed, with costs to defendants, in accordance with the following memorandum: Defendants appeal from an order denying (except as to a portion of one cause of action) their motion to dismiss the complaint. This is an action against the attorneys representing two fire insurance companies having coverage on plaintiffs' home. A fire occurred on April 27, 1980, and the companies, after an investigation revealed evidence of an alleged arson, refused to pay the loss. Plaintiffs' action against the companies (in which the propriety of the refusal to pay the loss is in issue) is still pending. The instant action against the attorneys, commenced on May 26, 1983, stems from the criminal indictment which was returned against plaintiff Murray Goldner by the Monroe County Grand Jury on July 10, 1980. The indictment was dismissed on May 8, 1981 at the close of the People's case in a trial in Monroe County Court. The complaint against defendants on various theories contains eight separately numbered causes of action. Special

Term has denied defendants' motion to dismiss brought pursuant to CPLR 3211 (subd [a], pars 1, 2, 3, 5) except for the eighth cause of action, part of which it dismissed, i.e., so much of it as alleges "ordinary" (as contrasted with "gross") negligence. In our view, for reasons stated hereafter, the motion should have been granted in its entirety. Accordingly, the order is modified, the motion is granted and the complaint dismissed, with leave, however, to replead the second, fourth, fifth and sixth causes of action if plaintiffs are so minded.

The first cause of action, for malicious prosecution, is barred by the Statute of Limitations (CPLR 215, subd 3). There is no fiduciary relationship between plaintiffs and defendants and no other circumstances are shown which would give rise to an estoppel preventing defendants from invoking the statute. Cases such as *Simcuski v Saeli* (44 NY2d 442) and *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), cited by plaintiffs, have no applicability.

The second cause of action, purporting to be a cause of action for fraud, is insufficient. There is no allegation that defendants made any false statement of an existing material fact. Rather, the pleading alleges that the insurance companies failed to pay the loss as defendants allegedly had promised they would. Moreover, the vague and conclusory allegations do not comply with CPLR 3016 (subd [b]). This cause of action is dismissed with leave to replead.

The third cause of action purports to be for tortiously inducing the insurance companies to breach their insurance contracts by not paying the loss. The question of whether the insurance companies have breached their contracts in refusing payment has not been determined, and any claim for inducing the breach is, therefore, premature. This cause of action is dismissed (see *Curiano v Suozzi,* 63 NY2d 113). We note, moreover, that the underlying factual basis for the cause of action is the advice allegedly given by the attorneys not to pay and that there is a general principle enunciated in the applicable authorities that attorneys should be free to advise their clients without fear of liability to third parties (see *Hahn v Wylie,* 54 AD2d 629; *D. & C. Textile Corp. v Rudin,* 41 Misc 2d 916; see, generally, Restatement, Torts 2d, § 772).

The fourth cause of action, alleging an interference with plaintiffs' constitutional rights under section 1983 of title 42 of the United States Code, is dismissed, with leave to replead. There is no allegation that the defendants controlled the conduct of the public officials (see *Arnold v International Business Machs. Corp.,* 637 F2d 1350, 1356). Moreover, the conclusory

allegations of conspiracy are insufficient (see *Sparkman v McFarlin,* 601 F2d 261, 265-267, and cases cited therein). The complaint, therefore, lacks a sufficient allegation of State action.

Inasmuch as we are dismissing the fourth cause of action, the fifth cause of action (alleging an interference with plaintiffs' rights under section 1985 of title 42 of the United States Code) must also be dismissed, with leave to replead.

The sixth cause of action, purporting to allege a violation of section 487 of the Judiciary Law, is, as pleaded, insufficient. There is no allegation of any specific fraudulent or deceitful communication or statement either to the court or to the Grand Jury (see CPLR 3016, subd [b]). As with the second cause of action for fraud, leave is granted to replead if plaintiffs are so minded.

The seventh cause of action for the intentional tort of infliction of emotional distress is dismissed as time barred. The applicable Statute of Limitations is CPLR 215 (subd 3) (see *Schulman v Krumholz,* 81 AD2d 883). There are no circumstances which would give rise to an estoppel precluding application of the statute.

The eighth cause of action, as described by Special Term, is based on "negligence and/or gross negligence". This is dismissed in its entirety (see *Drago v Buonagurio,* 46 NY2d 778; *Levine v Graphic Scanning Corp.,* 87 AD2d 755). It is noted that the complaint which the *Drago* court held to be legally insufficient contained allegations of "gross and malicious negligence".

All concur, except Callahan and Denman, JJ., who dissent in part in the following memorandum.

Callahan and Denman, JJ. (dissenting in part). We agree with the majority with respect to the first, second, seventh and eighth causes of action, but would affirm Special Term's denial of defendants' motion to dismiss the third, fourth, fifth and sixth causes of action.

Plaintiffs' third cause of action alleges tortious interference with plaintiffs' contract with his insurance carriers. Absent fraud, collusion, or malicious or tortious acts, an attorney is not liable to third parties for services or advice rendered on behalf of a client (see *Harder v Arthur F. McGinn, Jr., P. C.,* 89 AD2d 732, affd 58 NY2d 663). Here, however, plaintiffs allege that defendants knowingly gave false information to the carriers after conducting a fire investigation, failed to advise the carriers of test results which were favorable to plaintiffs and orchestrated the prosecution so that the carriers were wrongfully induced to

reject plaintiffs' claim. These allegations of fraud and deception, set out with specificity, are sufficient to withstand a motion to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7).

In their fourth cause of action, plaintiffs allege a violation of sections 1983 and 1985 of title 42 of the United States Code. In support of this allegation plaintiffs accuse the defendants of conspiring with the District Attorney and other officials to deny plaintiffs their rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution and similar rights under the New York State Constitution. Plaintiffs allege that defendants conducted a fraudulent investigation, provided faulty and incomplete information to the District Attorney and that the prosecution was in fact led by a member of defendants' firm who had previously been in charge of the arson bureau in the District Attorney's office. The complaint and supporting affidavits allege a scenario whereby a member of defendants' law firm hired investigators and experts in arson investigation to conduct an independent investigation, turned over that information to the District Attorney's office, directed the course of the prosecution and withheld evidence favorable to the plaintiffs from the District Attorney and from the Grand Jury. Whatever the merits of these very serious allegations, the facts pleaded are sufficient to withstand the motion to dismiss. The fifth cause of action alleges a violation of section 1986 of title 42 of the United States Code in that defendants failed to prevent the conspiracy charged under the fourth cause of action. The allegations are essentially the same and the same result should obtain.

Plaintiffs' sixth cause of action is based on section 487 of the Judiciary Law, which makes it a misdemeanor, punishable by criminal penalties and treble damages, for an attorney to engage in deceit or collusion with intent to deceive the court or any party. In support of that cause of action the plaintiffs allege that the defendants deceived the Grand Jury by withholding evidence and retained persons who fraudulently represented themselves as experts in arson investigation. As in the previous causes of action, sufficient facts are alleged to withstand a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7).

To withstand a motion to dismiss a complaint, a plaintiff is not required to show evidentiary facts in support of his allegations (see *Scacchetti v Gannet Co.*, 90 AD2d 985, 986) and is entitled to every possible favorable inference (see *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634). The complaint should not be dismissed if "upon examination of the four corners of the pleading * * * the factual allegations contained therein indicate the existence of a

cause of action" (*Melito v Interboro-Mutual Ind. Ins. Co.,* 73 AD2d 819, 820; see, also, *Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Measured by these standards, plaintiffs have sufficiently pleaded the afore-mentioned causes of action in their complaint. (Appeal from order of Supreme Court, Monroe County, Davis, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.