**COMPUSORT, INC., Plaintiff,**

v.

**Stuart C. GOLDBERG and Edward A. Kenwood, Defendants.**

**No. 82 Civ. 4687 (JES).**

United States District Court, S.D. New York.

April 9, 1985.

Saul D. Kassow & Associates, Fishkill, N.Y., for plaintiff; Saul D. Kassow, Fishkill, N.Y., of counsel.

Wilson, Elser, Edelman & Dicker, New York City, for defendant Goldberg.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff moves pursuant to Fed.R.Civ.P. 59 and 60, for reconsideration of those parts of Judge Werker's May 25, 1983 Memorandum Decision and March 23, 1984 Judgment which dismissed the third count of plaintiff's amended complaint. The third count claimed negligence by attorney Stuart C. Goldberg in his "alleged representation" of plaintiff Compusort, Inc. *See* Amended Complaint ¶¶ 60–61. Judge Werker dismissed the negligence claim as barred by res judicata, holding that plaintiff could have raised it in a previous action commenced by Goldberg against Compu-

sort for legal fees, which Goldberg brought in the Civil Court of the City of New York. *See* Memorandum Decision, 82 Civ. 4687 (HFW), slip op. at 7 (S.D.N.Y. May 25, 1983).[1]

At the time of Judge Werker's decision, the dispute over attorneys fees had been resolved by arbitration in favor of Goldberg. *See id.* The issue was subsequently tried *de novo* before the Civil Court. By Order dated November 28, 1983, Judge Shirley Fingerhood held that Goldberg and his firm could not recover legal fees from Compusort because they had failed to meet the burden of proving that they had been properly retained to represent Compusort. *See* No. 82289/80, slip op. at 3 (N.Y.Civ.Ct. Nov. 28, 1983) (annexed to Plaintiff's Notice of Motion).

■ Plaintiff moves for reconsideration on the ground that the Civil Court judgment rendered the res judicata ruling "totally without any substance." Plaintiff fails to state, however, why the Civil Court judgment that Goldberg was not entitled to attorneys' fees requires reconsideration of Judge Werker's ruling of res judicata. Indeed, if anything that holding confirms that the issue of whether there was an attorney-client relationship was specifically determined by the state court. The fact that the Civil Court found differently than the arbitrator in no way impacts upon the question of whether or not the issue was resolved in the state court. The applicability of res judicata or collateral estoppel does not depend upon who ultimately prevails upon an issue. Rather it turns upon the circumstance that the issue has or could have been litigated and therefore as a matter of policy should not be litigated again.

■ Furthermore, this would be a particularly inappropriate case in which to grant the motion for reconsideration because it is clear that plaintiff's negligence claim cannot be sustained under New York state law. In the absence of an attorney-client relationship, there can be no action for negligence under New York law, and no such relationship exists in this case. *See, e.g., Harder v. McGinn,* 89 A.D.2d 732, 733, 454 N.Y.S.2d 42, 43 (3d Dept.), *aff'd,* 58 N.Y.2d 663, 444 N.E.2d 1006, 458 N.Y.S.2d 542 (1982); *Gifford v. Harley,* 62 A.D.2d 5, 7, 404 N.Y.S.2d 405, 406 (3d Dept.1978); *Drago v. Buonagurio,* 61 A.D.2d 282, 285, 402 N.Y.S.2d 250, 252 (3d Dept.), *rev'd on other grounds,* 46 N.Y.2d 778, 386 N.E.2d 821, 413 N.Y.S.2d 910 (1978); *Victor v. Goldman,* 74 Misc.2d 685, 685, 344 N.Y.S.2d 672, 673 (N.Y.Sup.Ct. 1973), *aff'd,* 43 A.D.2d 1021, 351 N.Y.S.2d 956 (2d Dept.1974).[2]

1. The facts of the case are discussed in Judge Werker's Memorandum Decision, 82 Civ. 4687 (HFW) (S.D.N.Y. May 25, 1983).

   Plaintiff also sued Goldberg for violations of sections 12(2) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77*l*(2) & 77q(a), sections 10(b), 14 and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78n & 78t(a), Rule 10b-5, 17 C.F.R. § 240.10b-5, and Delaware and New York law.

   Judge Werker dismissed all these allegations for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). *See* Memorandum Decision, *supra.* Plaintiff has not moved for reconsideration of any of these rulings.

2. Plaintiff cites the case of *Schwartz v. Greenfield, Stein and Weisinger,* 90 Misc.2d 882, 396 N.Y.S.2d 582 (N.Y.Sup.Ct.1977), for the proposition that under New York law, since Goldberg "volunteered" to act on behalf of Compusort, he is liable to Compusort for his negligent performance.

The *Schwartz* case is factually distinguishable from the case before this Court. In *Schwartz,* plaintiff loaned money to the client of defendant attorney. In connection with the loan, plaintiff and defendant's client entered into a security agreement in plaintiff's favor. Defendant attorney agreed with *plaintiff* that he would file and perfect the security agreement *for plaintiff.* The attorney failed to properly perfect the security interest, and plaintiff sued for negligence.

The court found that the case was different from a situation where a non-client sues an attorney for damages caused by that attorney's negligence in performing his duty to his client—a suit which would be barred by New York's privity requirement. *See* 90 Misc.2d at 885–86, 396 N.Y.S.2d at 584. Rather, according to the court, plaintiff could sue the attorney for negligence, because they had dealt "face to face," and the attorney, "though in fact engaged by the [other party to the security agreement], *undertook a duty to the plaintiff* personally." 90 Misc. at 886; 396 N.Y.S.2d at 584 (emphasis

Plaintiff also argues that Goldberg is liable to plaintiff, despite the lack of an attorney-client relationship, for fraud, collusion, or malicious or tortious acts, *citing Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057 (2d Cir.1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978); *Gifford, supra; Drago, supra.* This argument goes beyond the scope of the motion for reconsideration, which was addressed solely to that aspect of Judge Werker's ruling which held that the negligence claim was barred by res judicata.

In any event, plaintiff has set forth no basis, either legal or factual, upon which to conclude that Judge Werker's dismissal of the fraud claims was incorrect. Moreover, since no new facts are alleged, the Court would not be justified in granting plaintiff leave to amend the fraud claim pursuant to Fed.R.Civ.P. 15.

It follows that plaintiff's motion is denied in all respects.

It is SO ORDERED.

---

added). Therefore, according to the court, there was no problem of privity of contract, or of plaintiff suing on a third-party beneficiary theory; "defendant voluntarily assumed the duty to file these papers, [and] he had a positive duty to do so." *Id.*

In the instant action, there were no "face to face" dealings between Compusort and Gold-

berg. Goldberg did not volunteer to or agree with *Compusort* to do anything on Compusort's behalf, and no duty was created in favor of Compusort upon which Goldberg can properly be sued. *See also, Harder, supra*, 89 A.D.2d at 733, 454 N.Y.S.2d at 43.