■ LESTER CRANDALL et al., Appellants, v BERNARD, OVERTON & RUSSELL, Respondent.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Walsh, Jr., J.), entered October 1, 1986 in Montgomery County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action, and (2) from an order of said court, entered October 21, 1986 in Montgomery County, which denied plaintiffs' motion to serve an amended complaint or, in the alternative, to reargue the prior motion to dismiss.

Plaintiffs' daughter was born at St. Mary's Hospital in the City of Amsterdam, Montgomery County, on October 29, 1982 and plaintiffs were billed $255.05 for hospital services rendered. In June 1985, the bill allegedly remained unpaid and defendant, a law firm acting on behalf of the hospital, commenced a collection action in Schoharie County Court against plaintiff Judith Crandall (hereinafter plaintiff). Plaintiff Lester Crandall, plaintiff's husband, who was incarcerated at Auburn Correctional Facility, prepared an answer for plaintiff who was proceeding *pro se.* Plaintiff signed the answer, had it verified and mailed it to defendant on June 26, 1985. The

answer contained the affirmative defenses that Schoharie County Court lacked jurisdiction because plaintiff had never resided in the county and, further, that her husband had already paid the bill in full.

Defendant proceeded as if an answer had not been interposed and, on December 23, 1985, a default judgment was entered against plaintiff for the full amount of the hospital bill plus costs. Thereafter, County Court vacated the default judgment and granted plaintiff's motion to dismiss the action on the ground that the court lacked in personam jurisdiction since plaintiff did not reside in Schoharie County.

In June 1986, plaintiffs commenced the instant action in Supreme Court against defendant alleging, *inter alia,* causes of action of intentional infliction of extreme emotional distress, fraud, aggravated harassment, extortion and several criminal actions not germane herein. Plaintiffs also stated in the complaint that as a direct result of defendant's actions, they suffered "great mental anguish, mental, emotional and psychological distress, anxiety and loss of wages".

Defendant moved to dismiss plaintiffs' complaint for failure to state a cause of action. The motion was granted. After Supreme Court's decision had been handed down but before it was received by plaintiffs, plaintiffs moved to amend their complaint to add their four children as plaintiffs and to add claims pursuant to 42 USC §§ 1985, 1986 and 1988. Plaintiffs also moved, in the alternative, for leave to reargue the prior motion to dismiss. Supreme Court denied the motion on the ground that the complaint had already been dismissed and therefore leave to amend could not be granted and, further, that plaintiffs alleged nothing in their moving papers which would warrant granting leave to reargue. This appeal by plaintiffs ensued.

Preliminarily, we hold that Supreme Court properly found that plaintiffs' allegations of extortion, perjury, attempted grand larceny, harassment and coercion constituted criminal offenses specifically defined in the Penal Law and, as such, were improperly pleaded as separate causes of action in the instant civil action.

Turning to the remaining causes of actions alleged by plaintiffs, New York does not recognize any liability of a lawyer to third parties where the factual situation does not fall within one of the acknowledged categories of tort or contract liability *(Drago v Buonagurio,* 46 NY2d 778, 779-780). An attorney is not liable to third parties for negligence absent

circumstances giving rise to a duty of care *(see, Drago v Buonagurio,* 61 AD2d 282, 285, *revd on other grounds* 46 NY2d 778, *supra).* No such circumstances are alleged here. Turning to the intentional torts alleged by plaintiffs, the complaint does not set forth a cause of action in fraud since the essential elements of that cause of action were not alleged. The claim of abuse of process must also be dismissed since defendant commenced suit for the legitimate purpose of collecting an unpaid debt *(see, Wells v St. Luke's Mem. Hosp. Center,* 129 AD2d 952, *lv denied* 70 NY2d 605). Regarding the cause of action for intentional infliction of extreme emotional distress, it has been held that liability of an attorney to a third party must be premised on fraud, collusion, malice or some other tortious act *(see, Harder v McGinn,* 89 AD2d 732, 733, *affd* 58 NY2d 663). The tortious act alleged by plaintiffs, i.e., intentional infliction of extreme emotional harm, requires proof of conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " *(Fischer v Maloney,* 43 NY2d 553, 557, quoting Restatement [Second] of Torts § 46 [1], comment *d* [1965]). The allegations of the complaint, even assuming them to be true, do not rise to this level.

Since the complaint states no cause of action cognizable at law, it was properly dismissed.

Orders affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.