OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant Francine J. Robinson, as executrix of the estate *732 of Frances Blackman (the Blackman Estate), moves to renew her prior motion for summary judgment which was previously stayed pending said defendant’s qualification as personal representative of a nondomiciliary decedent pursuant to EPTL 13-3.5. Since Francine J. Robinson has demonstrated compliance with EPTL 13-3.5, the court grants renewal of both the motion of the Blackman Estate for summary judgment on the second and third counterclaims of its amended answer and the cross motion of plaintiff seeking summary judgment dismissing the counterclaims of the Blackman Estate and the single counterclaim contained in the amended answer of Herman Dell Farrar as executor of Irene Farrar (the Farrar Estate).
This action arises from the efforts of decedent Roxanna Edwards, in July 1981, to add Frances Blackman and Irene Farrar as equal beneficiaries of a Totten trust together with Alice Savage, who was originally the sole beneficiary of the Totten trust established at plaintiff bank by Roxanna Edwards in May 1978. At the request of Roxanna Edwards, plaintiff bank prepared the "Supplemental Agreement” for Roxanna Edwards’ signature and, upon its execution, changed the title of the account on both the signature card and bankbook to reflect the change of beneficiaries sought by the depositor. Upon the death of Roxanna Edwards, Alice Savage sought payment of the proceeds of the account by appearing at the bank, with representatives of other members of the deceased’s family, and presenting the bankbook together with the death certificate of Roxanna Edwards.
The bank then informed Alice Savage that she would first have to qualify as executrix of Roxanna Edwards’ estate, and obtain a tax waiver from the State Tax Commission after which proceeds of the account would be paid to her as administratrix of Roxanna Edwards’ estate. On November 10, 1982, after complying with the bank’s directions, Savage again appeared at the bank with the requested documentation as well as death certificates of Frances Blackman and Irene Farrar. This time, the bank refused to pay Savage in her representative capacity but insisted on paying the entire proceeds of the account to her in her individual capacity "upon the advice of their legal department.”
Thereafter, when the representatives of both the Blackman Estate and the Farrar Estate demanded payment of their respective one-third interests in the account, the bank made what the Appellate Division subsequently referred to as a "preemptive * * * strike”, and commenced this action seeking *733 recovery of two thirds of the amount it had previously paid to Alice Savage " ’by mistake’ ”, charging her with conversion and naming both the Blackman and Farrar Estates as nominal defendants. (Long Is. Sav. Bank v Savage, 116 AD2d 512, 513, 515.) In response to an amended complaint, the Blackman Estate raised one affirmative defense and three counterclaims for: (1) negligent payment by the bank; (2) breach of contract; and (3) negligence in effectuating the name change on the account as requested by Roxanna Edwards prior to her death. In addition, the Blackman Estate interposed a cross claim against Alice Savage for one third of the amount "mistakenly” paid to her by reason of unjust enrichment and conversion.
The Farrar Estate raised only one counterclaim for negligent payment together with a cross claim for unjust enrichment against Alice Savage individually and in her representative capacity.
In response to the complaint, defendant Savage moved to dismiss the complaint, and by decision and order of Hon. Seymour J. Schwartz, dated July 3, 1984 and September 5, 1984, respectively, the complaint was dismissed as to Alice Savage on the basis that EPTL 7-5.2 (1) provides for revocation, termination or modification of a Totten trust "only by means of, and to the extent of, withdrawals from or charges against the trust account made or authorized by the depositor”. Thus, the forms furnished to Roxanna Edwards by the bank to add Frances Blackman and Irene Farrar as one-third beneficiaries of the Totten trust were ineffective under the law to accomplish that purpose, with the result that Alice Savage remained the sole beneficiary of the entire Totten trust account. In the order dismissing the complaint as to Alice Savage, Justice Schwartz, sua sponte, dismissed the cross claims of both the Blackman and the Farrar Estates. On appeal, both the decision and order below were affirmed by the Appellate Division, First Department (Long Is. Sav. Bank v Savage, 116 AD2d 512, supra). The court stated:
"We conclude that, despite itself and its erratic behavior, the plaintiff bank correctly paid over the entire proceeds of the trust account to Alice Savage * * *.
"Clearly, there is no ’injustice’ in dismissing the action which the wrongdoing plaintiff has brought to extricate itself from a web of its own making.” (Supra, at 513-516.)
The Appellate Division further emphasized that the plaintiff *734 bank itself, by payment of the entire account to Savage in her individual capacity, "implicitly recogniz[ed], albeit belatedly, that its procedures were inadequate to effectively modify the trust account”. (Supra, at 513.) The decision of the Appellate Division was thereafter affirmed by the Court of Appeals. (69 NY2d 751 [1987].)
This court on renewal of the motion by the Blackman Estate must now address the counterclaims against the bank for breach of contract and negligence in effectuating the change of beneficiary sought by Roxanna Edwards prior to her death.
The bank, in support of its cross motion seeking dismissal of the counterclaims, alleges that it had no duty to Frances Blackman as a third-party beneficiary of the bank’s contract with Roxanna Edwards, and that it should not be held liable for negligence in failing to conform to the requirements of EPTL 7-5.2 (1). The bank alleges that what it did was a common practice in the banking community, and the decision of the Appellate Division and Court of Appeals requiring strict compliance with EPTL 13-3.5 was unforeseen. Furthermore, the bank alleges that both the representatives of the Black-man and Farrar Estates authorized Alice Savage to withdraw the proceeds of the Totten trust, and therefore the plaintiff has complied with the agreement it had with its deceased depositor Roxanna Edwards as well as with EPTL 7-5.4.
The bank’s argument in opposition to defendants’ claims of negligence in failing to follow the dictates of EPTL 7-5.2 (1) is a succinct rationalization: "The procedure which plaintiff employed in 1981 in amending the account was neither unprecedented nor blatantly negligent, as is now being alleged. To the contrary, it was developed as a rational response to certain practical difficulties which were faced by both Bank and depositor when the depositor wished to alter her account.”
Thus, the bank claims that it deliberately adopted nonconforming procedures in changing the beneficiaries of Totten trusts in the name of expediency, and cannot therefore be guilty of negligence.
However, it is clear that the depositor Roxanna Edwards relied upon the bank’s expertise to inform her of the correct procedures and provide her with the proper forms to effectuate the changes sought. The bank, in failing to follow the law, clearly breached its agreement with the depositor to pay the *735 proceeds remaining in the Totten trust upon her death as she had instructed. Equally clear is the fact that Frances Black-man, Irene Farrar and Alice Savage were all intended third-party beneficiaries of the agreement between the depositor and the bank. It is well settled that a third-party beneficiary may recover upon establishing the existence of a valid and binding contract between the other parties which was intended for his or her benefit, and that the benefit is sufficiently immediate, rather than incidental so as to spell out a duty by the contracting parties to make good if the benefit is lost. (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336.) Thus, whether the bank acted negligently or deliberately, there was a breach of contract with the depositor, and the Blackman Estate may recover for the loss of the benefit Roxanna Edwards sought to bestow upon Frances Blackman.
Examination of Harder v McGinn (89 AD2d 732) and related cases, in which attorneys not in privity are shielded from negligence and malpractice claims by third parties claiming to have been injured by their advice to clients, or action in the client’s behalf, reveal far different policy considerations than those present in this action, and are entirely inapplicable. Moreover, the court finds the bank negligent as a matter of law in deliberately employing expedient procedures rather than following the statutory requirements in carrying out the instructions of its depositor, Roxanna Edwards.
With respect to the bank’s allegation that defendants acquiesced in payment of the entire account to Alice Savage by consenting to Alice Savage’s appointment as executrix of the estate of Roxanna Edwards and furnishing death certificates for Frances Blackman and Irene Farrar to Alice Savage’s attorney with the knowledge that Alice Savage would withdraw the entire proceeds of the account, the court finds that these acts were done in the belief that a valid change in the beneficiaries of Totten trust had been accomplished, and specifically authorized Alice Savage in a representative capacity to collect the proceeds of the account on behalf of all three beneficiaries. However, in paying the account, the bank informed Savage that she was individually entitled to all of the proceeds in the account, and not just one third of the account as contemplated by her. At that point Savage was paid, and accepted, the entire proceeds of the Totten trust account individually without regard to any reliance upon actual or implied authorization from either the Blackman or Farrar *736 Estates. Therefore, this afterthought by plaintiff is given no weight in the court’s determination.
This action remains stayed with respect to the Farrar Estate pursuant to EPTL 13-3.5 (a) (3) and the prior order of this court, pending compliance by the personal representative of the Farrar Estate with the requirements of EPTL 13-3.5, so that the request by plaintiff for dismissal of the counterclaim by that estate is denied.
For the reasons stated above, the motion of Francine J. Robinson as administratrix of the Estate of Frances Blackman for summary judgment is granted and the cross motion by plaintiff for summary judgment is denied.