■ Stanley Glantz et al., Appellants, v Louis P. Rosenberg et al., Respondents. [633 NYS2d 77] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated May 6, 1994, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

All of the parties in this action are attorneys admitted to practice law in New York. The record shows that the plaintiff Alex A. Bohm was the attorney of record with responsibility for all court appearances in a bankruptcy proceeding in which he represented the plaintiff Stanley Glantz. Bohm hired the

defendants as consultants in the bankruptcy proceeding because Bohm was unfamiliar with bankruptcy law and procedure. The defendants offered advice and assisted in the drafting of documents, but they had no responsibility to appear in court.

Bohm disregarded a summons and notice of trial that directed the parties to appear in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court) on September 27, 1990, at 9:30 A.M. The summons and notice of trial contained a warning that the failure to appear would result in a default judgment. On October 1, 1990, the Bankruptcy Court dismissed the proceeding. The plaintiffs subsequently commenced this action for legal malpractice against the defendants.

The Supreme Court properly granted the defendants' motion for summary judgment. The defendants had no duty to appear in the Bankruptcy Court for the plaintiffs. Moreover, because Bohm's failure to appear was unforeseeable, the defendants had no duty to advise Bohm of the necessity of appearing. Thus, under these circumstances in which the defendants had no duty with respect to the matter that caused the dismissal of the bankruptcy proceeding, they cannot be held liable for legal malpractice (see, e.g., Harder v Arthur F. McGinn, Jr., P. C., 89 AD2d 732, 733, affd 58 NY2d 663; see also, Compusort, Inc. v Goldberg, 606 F Supp 456, 457). Bracken, J. P., Ritter, Friedmann and Goldstein, JJ., concur.