Shirley E. JACOBSON, Individually and trading as Nu-Dimension Greeting Card, Appellant,

v.

THRIFTY PAPER BOXES, INC., a corporation, Appellee.

THRIFTY PAPER BOXES, INC., a corporation, Appellant,

v.

Shirley E. JACOBSON, Individually and trading as Nu-Dimension Greeting Card, Appellee.

Nos. 4054, 4055.

District of Columbia Court of Appeals.

Argued April 17, 1967.

Decided June 13, 1967.

Rehearing Denied June 19, 1967.

Leonard Z. Bulman, Washington D.C., for Shirley E. Jacobson.

Joseph Levin, Washington, D.C., for Thrifty Paper Boxes, Inc.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

This was an action by Shirley E. Jacobson against appellee box company for wrongful attachment and malicious abuse of process, and for conversion. The box company filed a counterclaim for certain storage charges. At the close of plaintiff's case the trial court ruled that plaintiff had not presented a prima facie case on either of her charges. The trial court later also disallowed defendant's counterclaim. Those three rulings are here for review.

This is the second suit between these parties. In the first action the box company sued Jacobson for breach of a contract to purchase 60,000 cardboard boxes. The court awarded judgment in favor of the box company. After several payments on the judgment and a later default, plaintiff issued an attachment against Jacobson's bank account resulting in satisfaction of the judgment.

Thereafter, Jacobson brought this action against the box company for abuse of process in resorting to garnishment and for conversion in disposing of the boxes after the attachment. At the close of appellant's case, a finding was made against her for failure to make out a prima facie case. Later, appellee's counterclaim for storage charges was denied for failure to "preponderate" on the evidence.

■■■ (1) "The test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do." 1 Am.Jur.2d Abuse of Process § 4 (1962). Judged by that test, appellant failed to make out a case. The box company had a valid judgment against her, which carried with it the right to execution. While there was some claim of an agreement not to execute, such was not established. Hence, as judgment plaintiff, the box company did not lay itself open to suit by exercising its right to attach, and the trial court was right in so holding. See Geier v. Jordan, D.C.Mun.App., 107 A.2d 440 (1954).

■■■ (2) As to the claim of conversion, we think it was wrong to hold that there was no prima facie case. Prior to the attachment, appellee had a right to retain the goods. See D.C.Code 1961, §§ 28–1402 and 28–1405(2). But there was sufficient evidence to show that the boxes, for which the box company had recovered judgment and collected, were to be the purchaser's property. Yet the company disposed of them, apparently after the attachment. We think it was wrong to rule, on the plaintiff's case, that she had lost the right to claim them. Taking the evidence in a light most favorable to her, it would have justified a holding in her favor, though not necessarily requiring it.

■■■ (3) We hold that it was error to deny defendant's counterclaim for the fair and reasonable cost of storing the boxes. There was evidence that defendant had actually stored them. Since this is related to the issue of conversion, there should be a further inquiry into it and a determination as to what allowance, if any, there should be for storage from the date of the judgment in the first action.

We remand the case for further hearing on the plaintiff's claim of conversion and on defendant's counterclaim.

Reversed and remanded for further hearing.