Charles H. EPPS, Jr., et al., Appellants,

v.

Helen P. VOGEL, Appellee.

No. 81–1467.

District of Columbia Court of Appeals.

Submitted Oct. 12, 1982.

Decided Dec. 15, 1982.

John Lewis Smith, III, Lee T. Ellis, Jr., Jeffrey S. Holik, and James E. Tompert, Washington, D.C., were on the brief for appellants.

Helen P. Vogel, pro se.

Before NEWMAN, Chief Judge, and NEBEKER and FERREN, Associate Judges.

FERREN, Associate Judge:

In this case, we determine the proper procedure for substituting a party under Super.Ct.Civ.R. 25(a) (substitution when a party dies) and review the *sua sponte* dismissal of a complaint for malicious prosecution and abuse of process. The trial court dismissed appellants' complaint for two reasons: (1) their failure properly to serve and substitute appellee, the deceased's widow and legal representative, as the party-defendant, *id.*, and (2) their failure, in any event, to state a claim upon which relief can be granted. Super.Ct.Civ.R. 12(b)(6). We cannot agree with the trial court's conclusion that, in order to substitute a party, Rule 25(a)(1) requires a plaintiff to serve not only a motion to substitute but also a copy of the summons and complaint. Service of a proper motion is enough. We conclude, moreover, that, for reasons elaborated below, the trial court abused its discretion in dismissing the complaint *sua sponte*, without granting leave to amend. Accordingly, we reverse and remand the case for further proceedings.

## I.

In September 1977, appellants, who are physicians, filed a complaint charging attorney Howard Vogel with abuse of process, malicious prosecution, and willful and negligent breach of professional responsibility. Those claims arose out of another suit in which Vogel was attorney of record for plaintiffs in a medical malpractice action against appellants. According to the complaint, plaintiffs in that action filed a praecipe of dismissal with prejudice.

After several unsuccessful attempts, appellants served Vogel with process in June 1978, nine months after suit was filed. The trial court denied a defense motion to quash service. Vogel appealed. This court dismissed the appeal for lack of jurisdiction. Counsel for Vogel filed an answer and counterclaim in December 1979.

In June 1980, counsel for Vogel informed the trial court that Vogel had died on May 14, 1979. No suggestion of death, however, has ever been made on the record. *See* Super.Ct.Civ.R. 25(a). In October 1980, appellants moved for an order substituting Vogel's widow and personal representative, Helen Vogel, as party-defendant. Appellants served a copy of the motion on Mrs. Vogel by certified mail, return receipt requested. Mrs. Vogel filed Objections to Motion for Substitution. The court ordered substitution. Mrs. Vogel did not respond to any of appellants' requests for discovery. The court granted appellants' Motion to Compel Discovery. Again, Mrs. Vogel failed to respond.[1]

Appellants then moved for entry of default against Mrs. Vogel. She did not respond. In ruling on that motion, the trial court issued an Opinion and Order *sua sponte* dismissing the complaint on two grounds: (1) the substitution of Mrs. Vogel was defective because of lack of proper service; and (2) the complaint failed to state a claim upon which relief can be granted under *Morowitz v. Marvel,* D.C. App., 423 A.2d 196 (1980). The trial court determined that proper service on a substituted party requires service not only of the motion for substitution but also of the complaint and summons. The court then concluded that the record failed to show that the complaint and summons had been served. As to the merits, the court concluded that the complaint lacked two necessary elements of claims for malicious prosecution and abuse of process, respectively: specific allegations of special injury, and contentions that the underlying suit (filed by Mr. Vogel) had been used to accomplish an end not regularly or legally obtainable.

## II.

■ Super.Ct.Civ.R. 25 governs substitution of parties. Rule 25(a)(1) provides that if a claim is not extinguished by the death of a party, the court may order substitution pursuant to a motion served "upon persons not parties in the manner provided in [Super.Ct.Civ.] Rule 4 for the service of a summons."[2] Rule 4 outlines the requirements for service of process (summons and complaint), stating that proper service is obtainable by "the United States Marshal or his deputy," by "any competent person over the age of 18 years" meeting certain specifications, or "by mailing a copy of the summons and complaint to the defendant by registered or certified mail and filing with the Court the signed return receipt" attached to

---

1. In fact, other than the Objections to Motion for Substitution, Mrs. Vogel has not filed any papers nor has she appeared personally or through counsel.

2. Super.Ct.Civ.R. 25, Substitution of parties, provides:

   (a) Death.

   (1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

an appropriate supporting affidavit. Super.Ct.Civ.R. 4(c).

The question presented here is whether the Rule 25(a)(1) requirement of service of the motion "in the manner provided" in Rule 4 requires service of a summons and complaint, in addition to the motion, by one of the prescribed procedures. We conclude that it does not, given the plain meaning of the language of Rule 25. To serve a motion "in the *manner* provided in Rule 4 for the service of a summons" means just that: the motion must be served in the same way, *i.e.,* by the same procedure, required for service of a summons. It does not imply that plaintiffs also must follow the substantive requirement of Rule 4 by serving a complaint and summons as well.

Our reading is reinforced by three additional considerations. First, the reference in Rule 25 to the "manner" of service, as outlined in Rule 4, for service on "persons not parties" contrasts with the provision for service on "parties," which must be in all respects, "as provided in [Super.Ct.Civ.] Rule 5." Second, the addition of a summons and complaint requirement would not necessarily be helpful and could be misleading. For example, the complaint would not convey information about subsequent proceedings, which may have resulted in the dismissal of a count or the striking of various allegations. In that case, service of the original complaint would do little, if any,

more than service of the motion alone: put the substituted party on notice that the case is in progress, and that he or she is now a party-defendant and should look into it immediately. The theory behind requiring service of the complaint would also necessitate service of amendments and related orders, which clearly goes beyond the intent of Rule 25.

Finally, although the party to be substituted may have no personal knowledge of the lawsuit at the time of receiving actual notice through service of the motion, that party—by virtue of being a successor or representative of the deceased [3]—is likely to have access to the litigation file and thus already has constructive notice of the complaint. *See* 1 MOORE'S MANUAL FEDERAL PRACTICE & PROCEDURE § 13.09[1] (1979). ("[T]he substituted party, in all but name, occupies the same relative position in the cause of action which is continued against him [footnote omitted]").

We have found nothing dispositive in the caselaw. D.C.Code 1981, § 12–102 in effect requires us to interpret Super.Ct.Civ.R. 25 in effect requires us to interpret Super.Ct. Civ.R. 25 in conformity with the Federal Rules of Civil Procedure.[4] Some cases interpreting F.R.C.P. 25[5] have implied that service of the motion alone is sufficient for substitution,[6] although there appear to be no cases that directly construe this aspect of the rule.

---

**3.** Federal courts usually require a showing that the substitute has the status of a legal representative of the decedent. *Boggs v. Dravo Corp.,* 532 F.2d 897 (3d Cir.1976); *Mallonee v. Fahey,* 200 F.2d 918 (9th Cir.1952); *cf. Roberson v. Wood,* 500 F.Supp. 854 (S.D.Ill.1980) (kinship not sufficient).

**4.** D.C.Code 1981, § 12–102 provides: "The substitution of parties in civil actions in the United States District Court for the District of Columbia and the Superior Court of the District of Columbia is governed by the Federal Rules of Civil Procedure."

**5.** F.R.C.P. 25 is identical to Super.Ct.Civ.R. 25 except for deletion in the latter of a reference to a notice of hearing in subdivision (a)(1). Superior Court Rules are to be interpreted and construed in light of the Federal Rules where the corresponding sections are substantially alike. *Carter v. Saxon,* D.C.App., 358 A.2d

639, 641 n. 2 (1976). In this case, however, as in *Carter,* we have found no federal authority directly addressing the precise question before us.

**6.** *See, e.g., Ransom v. Brennan,* 437 F.2d 513, 518, 521 (5th Cir.), *cert. denied,* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971) (proper "service of the motion" is necessary to obtain personal jurisdiction over the substituted party); *Johns Hopkins Univ. v. Hutton,* 297 F.Supp. 1165, 1227 (D.Md.1968), *cert. denied,* 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974) ("Motions for substitution . . . were subsequently filed herein, followed by service *thereof.* . . . Therefore, the substitution . . . is hereby ordered." (Emphasis added)). *See also* 1 MOORE'S MANUAL FEDERAL PRACTICE & PROCEDURE § 13.09[3]; WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1956.

Given the language of the rule, the considerations militating against any requirement beyond service of a motion on the party to be substituted, and the caselaw such as it is, we hold that Super.Ct.Civ.R. 25(a)(1) requires that, in order to substitute a party-defendant, the plaintiff must properly serve a motion for substitution under one of the prescribed Rule 4 procedures; Rule 25 does not incorporate a substantive requirement that a summons and complaint also must be served.

Appellee admits in her Objections to Motion for Substitution that she is Mr. Vogel's personal representative; thus, she is the proper party to be substituted for him. *See* note 3 *supra.* It appears from the record that she was served with the Motion for Substitution by certified mail, in the manner required by Super.Ct.Civ.R. 4(c)(3). We must conclude, accordingly, that appellants have properly substituted appellee.

### III.

We turn to the question whether the trial court erred in concluding that the complaint fails to state a claim upon which relief can be granted. Super.Ct.Civ.R. 12(b)(6). Although the complaint originally alleged four separate claims, appellants assign error to the dismissal of only those alleging malicious prosecution and abuse of process.

█ In *Morowitz v. Marvel,* D.C.App., 423 A.2d 196 (1980), we delineated the elements of a malicious prosecution action.[7] The last—a required allegation of special injury—concerned us there. We held that the malicious prosecution claim was not actionable because the complaint alleged only "professional defamatory-type damages" that might normally be incident to any litigation. *Id.* at 198. In order to sustain a malicious prosecution claim, the plaintiff must demonstrate an injury that would not usually occur as a result of a malpractice

case. *Ammerman v. Newman,* D.C.App., 384 A.2d 637, 641 (1978) (per curiam).

█ In this case, we again are troubled by the lack of specificity in the malicious prosecution claim. Appellants allege they suffered "damages and special damages, including but not limited to loss of income, which were not recoverable as costs in the [underlying] case." In our view, the generality of the damages alleged does not satisfy the standards of *Morowitz, supra,* and *Ammerman, supra.* The only injury explicitly specified, loss of income, is not an injury that is not usually a consequence of a malpractice suit.

█ In addition, we agree with the trial court that appellants' complaint does not sufficiently allege an abuse of process. The key element in an abuse of process claim is whether process was used to achieve "an end unintended by law, . . . not regularly or legally obtainable." *Morowitz, supra* at 198. We stated that a party's ulterior motive does not make the issuance of process actionable; "in addition to ulterior motive, one must allege and prove that there has been a perversion of the judicial process. . ." *Id.* In their complaint, appellants allege merely that Vogel prosecuted the underlying case "with an ulterior purpose." There is no indication that Vogel sought to accomplish some result "not contemplated in the regular prosecution of the charge." *Id.* (citations omitted).

Although the deficiencies in appellants' complaint may be fatal to their claims, we note that the trial court dismissed the complaint *sua sponte,* on appellants' own motion for entry of a default, without giving appellants an opportunity to amend. Although our standard of review is whether the trial court abused its discretion, three considerations are significant here. First, Super.Ct.Civ.R. 15 provides that leave to amend a complaint shall be given freely

---

**7.** The plaintiff "must plead and prove four things: (1) the underlying suit terminated in plaintiff's favor; (2) malice on the part of defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occa-

sioned by plaintiff as the result of the original action." *Morowitz v. Marvel,* D.C.App., 423 A.2d 196, 198 (1980) (citing *Ammerman v. Newman,* D.C.App., 384 A.2d 637 (1978) (per curiam)).

when justice requires.[8] The Supreme Court has added that leave to amend should be given freely "[i]n the absence of any apparent or declared reason" for not permitting amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Second, appellants filed their complaint before our decisions in *Ammerman, supra,* and *Morowitz, supra,* which comprise the most recent review of the substantive requirements governing malicious prosecution and abuse of process actions. Our holdings in those cases govern the present proceeding and yet were unavailable to appellants at the time they filed suit.

Finally, our cases upholding the court's discretionary refusal to grant leave to amend typically have affirmed decisions that articulated the court's reasoning. *See, e.g., Eagle Wine & Liquor Co. v. Silverberg Electric Co.,* D.C.App., 402 A.2d 31, 35 (1979) (trial court stated that plaintiff's dilatoriness in making "unduly delayed" motion for leave to amend was grounds for its denial of motion); *Eskridge v. Jackson,* D.C.App., 401 A.2d 986, 988 (1979) (trial court stated its refusal was based on theory that even if amended, plaintiff's complaint would still fail to state a claim upon which relief could be granted). *See also Foman, supra* 371 U.S. at 182, 83 S.Ct. at 230 (possible reasons to deny leave to amend are undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, futility of amendment.)

Although we do not say that we shall never uphold a dismissal—including a refusal to grant leave to amend the complaint—absent articulated reasons for the trial court's decision, we conclude that the trial court abused its discretion in dismissing the complaint *sua sponte,*[9] on appellants' own unanswered motion for default, without inquiring whether appellants would seek leave to amend in light of *Ammerman* and *Morowitz* or stating reasons why dismissal, in any event, is appropriate.

Accordingly, we conclude that Mrs. Vogel has been substituted properly as a party defendant, and we reverse and remand the case with instructions that the trial court not dismiss appellants' complaint without granting leave to amend within a reasonable period of time.

*So ordered.*

---

**8.** "The Superior Court Rules of Civil Procedure manifest a preference for resolution of disputes on the merits, not on technicalities of pleading." *Keith v. Washington,* D.C.App., 401 A.2d 468, 470 (1979) (citations omitted).

**9.** *Sua sponte* dismissal of a complaint should occur only infrequently and with an abundance of caution. *McBryde v. Amoco Oil Co.,* D.C. App., 404 A.2d 200, 203 (1979) (per curiam).