TERRY, Associate Judge:
 

 In this case appellant challenges the dismissal of his complaint and the trial court’s denial of his motion to reconsider that dismissal. Because appellant failed to note a timely appeal from the court’s order dismissing the complaint, we lack jurisdiction to review that order. However, we hold that the court abused its discretion in denying appellant’s motion for reconsideration, which we construe as a motion for relief under Superior Court Civil Rule 60(b), and thus we reverse the order denying that motion.
 

 I
 

 Appellant filed this action against appel-lee, a law firm, and Randy Bernstein, ap-pellee’s alleged agent,
 
 [1]
 
 seeking damages for negligence and malicious abuse of process. He alleged in his complaint (1) that Bernstein “negligently or falsely” swore that he had served summonses on appellant in three civil cases in the Superior Court, (2) that appellee negligently, and in abuse of process, sought and obtained a default judgment and a writ of attachment in each case, and (3) that appellee, with knowledge that appellant had not been served with process, nevertheless obtained a judgment of condemnation in one of the three cases and filed a praecipe with the court entering the judgment as “paid and satisfied.”
 

 Appellee filed a motion to dismiss the complaint, asserting that appellant had failed to plead sufficient facts to support an action for malicious abuse of process and that an action for professional negligence would not lie against adverse counsel in the case in which the negligence allegedly occurred. Appellant failed to file a statement of opposing points and authorities within ten days as required by Super. Ct.Civ.R. 12-I(e), and on May 15, 1984, the court dismissed the complaint with prejudice.
 
 [2]
 

 On May 22 appellant — apparently unaware of the court’s May 15 order — filed an opposition to appellee’s motion to dismiss, and on June 8, after receipt of the order, he filed a motion for reconsideration. Appellant conceded in the latter motion that he had not filed his opposition to appel-lee’s motion to dismiss within the ten-day period prescribed by Rule 12-I(e), but said that his counsel had contacted appellee’s counsel and had obtained her consent to an extension of time in which to file a response. He further stated that his counsel had been hospitalized shortly thereafter and had undergone emergency surgery, and that his counsel’s only associate was
 
 *1315
 
 out of town because of a death in her family. Appellee filed an opposition to the motion for reconsideration, claiming that it was filed outside the ten-day time period prescribed by Super.Ct.Civ.R. 59(e), and that the court therefore lacked jurisdiction to entertain it.
 
 [3]
 

 The trial court denied appellant’s motion without a hearing and without stating the basis for its decision. The court’s order read in its entirety:
 

 Upon consideration of plaintiff’s Motion for Reconsideration and defendant Protas, Kay, Spivok & Protas, Chartered’s Opposition thereto, it is, by this Court this 25 day of June 1984,
 

 ORDERED that plaintiff’s Motion for Reconsideration is hereby denied.
 

 Appellant filed a notice of appeal on July 27. He contends that the court abused its discretion in dismissing his complaint in the first instance and that it abused its discretion in denying his motion for reconsideration as well.
 

 II
 

 D.C.App.R. 4-II(a)(l) (1984) requires that a notice of appeal in a civil case be filed within thirty days from the entry of the judgment or order from which the appeal is taken.
 
 [4]
 
 This thirty-day limit is jurisdictional and may be extended only by the grant of a motion to extend the time for filing upon a showing of excusable neglect, Rule 4-II(a)(4), or by the “timely filing,” Rule 4-II(a)(2), of one of the following motions:
 

 (1)a motion for judgment notwithstanding the verdict;
 

 (2) a motion to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;
 

 (3) a motion to vacate, alter or amend the order or judgment;
 

 (4) a motion for new trial; and
 

 (5) any motion seeking relief in the nature of the foregoing.
 

 Under Rule 4 — 11(a)(2), as this court has construed it in
 
 Coleman v. Lee Washington Hauling Co.,
 
 388 A.2d 44 (D.C.1978), the filing of one of these motions within ten days from the date of the entry of the judgment or order will toll the time for filing a notice of appeal, and the full time for noting an appeal begins to run again from the date on which “an order with respect to such motion” is entered in the civil docket of the trial court.
 

 In this case appellant did not file a notice of appeal until July 27, more than two months after the entry of the court’s order dismissing his complaint. Nor did he file a timely motion for reconsideration of that order
 
 [5]
 
 or a motion to extend the time for filing a notice of appeal. Consequently, we lack jurisdiction to review the court’s order dismissing the complaint.
 
 See, e.g., In re C.I.T.,
 
 369 A.2d 171 (D.C.1977). However, because the June 25 order denying the motion for reconsideration was not entered on the docket until July 6, the notice of appeal was timely with respect to that order, and thus we have jurisdiction to consider appellant’s claim that the court
 
 *1316
 
 abused its discretion in refusing to reconsider its earlier ruling.
 
 [6]
 

 Ill
 

 Although we have held that the denial of a motion for reconsideration is not an appealable order,
 
 Coleman v. Lee Washington Hauling Co., supra,
 
 388 A.2d at 45, we have also recognized that “the nature of a motion is determined by the relief sought, not by its label or caption.”
 
 Id.
 
 at 46 (citations omitted). Appellant’s motion sought not only reconsideration of the court’s order dismissing his complaint but vacation of that order as well. We will therefore construe it as a motion to vacate pursuant to Super.Ct.Civ.R. 60(b).
 
 See Wallace v. Warehouse Employees Union No. 730,
 
 482 A.2d 801, 803-805 (D.C.1984). Rule 60(b) provides in pertinent part:
 

 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect....
 

 The decision to grant or deny such a motion lies within the sound discretion of the court. Nevertheless, “the liberal spirit of the rule, together with the basic policy favoring resolution of litigation on the merits, requires us to review closely the exercise of that discretion” in any case, such as this one, in which the denial of the motion has foreclosed consideration of the merits.
 
 Spann v. Commissioners of the District of Columbia,
 
 143 U.S.App.D.C. 300, 301 n. 1, 443 F.2d 715, 716 n. 1 (1970) (citations omitted);
 
 accord, e.g., Mewbom v. U.S. Life Credit Corp.,
 
 473 A.2d 389, 391 (D.C. 1984);
 
 Dunn v. Profitt,
 
 408 A.2d 991, 993 (D.C.1979).
 

 In his Rule 60(b) motion, appellant asked the court to vacate its order dismissing his complaint. Although he conceded that he had failed to file an opposition to the motion to dismiss within the time prescribed by Rule 12-I(e), the reasons he gave for that failure were sufficient, at least in combination, to require the court to delve more deeply into the facts before ruling. Appellant stated in his motion (1) that his counsel had contacted appellee’s counsel and that the latter had consented to an extension of time in which to file an opposition to the motion to dismiss, (2) that his counsel shortly thereafter had been hospitalized and had undergone emergency surgery, and (3) that his counsel’s only associate had been out of town because of a death in her family'. Despite these averments, the court denied appellant’s motion without a hearing and without even stating the reasons for its ruling.
 

 We hold that the court abused its discretion in disposing of the motion so summarily. Given the factual representations in appellant’s motion, the strong policy favoring the trial of any case on the merits, and the lack of any demonstrable prejudice to appellee, it was incumbent upon the court to “undertake a special factual inquiry” to ascertain the facts and circumstances surrounding counsel’s illness.
 
 Johnson v. United States,
 
 398 A.2d 354, 365 (D.C.1979). Such an inquiry was necessary to enable the court to determine whether appellant’s failure to file a timely opposition to appellee’s motion to dismiss
 
 *1317
 
 was due to “excusable neglect,” and hence whether appellant was entitled to relief under Rule 60(b).
 
 Cf. Johnson v. United States,
 
 132 U.S.App.D.C. 4, 405 F.2d 1072 (1968) (case remanded for determination whether failure of
 
 pro se
 
 criminal defendant to file timely notice of appeal was due to excusable neglect);
 
 Vindigni v. Meyer,
 
 441 F.2d 376 (2d Cir.1971) (evidentiary hearing necessary to determine whether plaintiff neglected suit).
 

 We therefore reverse the trial court’s denial of appellant’s Rule 60(b) motion and remand this ease for further proceedings in accordance with this opinion.
 
 [7]
 

 Reversed and remanded.
 

 [1]
 

 . Appellee disputed the allegation that Bernstein was its agent, claiming instead that he was an independent contractor.
 

 [2]
 

 . Super.Ct.Civ.R. 12-I(e) provides in pertinent part:
 

 Points and authorities; entry of motion; failure to file opposing points and authorities
 
 _ A statement of opposing points and authorities shall be filed and served within ten days or such further time as the Court may grant. If a statement of opposing points and authorities is not filed within the prescribed time, the Court may treat the motion as conceded.
 

 [3]
 

 . Super.Ct.Civ.R. 59(e) provides:
 

 A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment.
 

 [4]
 

 . In a general revision of this court’s rules, effective January 1, 1985, Rule 4-II(a) has been amended and renumbered as Rule 4(a). Since this appeal was noted before the effective date of the amendment, the timeliness of the notice of appeal must be determined under the pre-1985 version of the rule.
 

 [5]
 

 .Appellant’s motion for reconsideration was not filed until June 8, more than three weeks after the court had entered its order dismissing the complaint.
 

 [6]
 

 . We note that the co-defendant Bernstein was not served with process, and that the claim against him was therefore still pending at the time appellee filed its motion to dismiss. If the trial court had confined its ruling to the relief requested in appellee’s motion, it would have dismissed the complaint only with respect to appellee, leaving the claim against Bernstein still pending. In such circumstances we would have to dismiss this appeal for lack of jurisdiction.
 
 Dyhouse v. Baylor,
 
 455 A.2d 900 (D.C.1983). Luckily for appellant, however, the court went beyond the limits of appellee’s motion and dismissed the entire complaint, including the claim against Bernstein. Thus there is no unresolved fragment of this case left pending in the trial court, and we have jurisdiction to consider the merits of appellant’s appeal from the June 25 order.
 

 [7]
 

 . We reject appellee’s contention that any error by the court was harmless. Although appellant’s complaint did not state a claim for malicious abuse of process, it clearly did state a claim for malicious prosecution.
 
 See Tyler v. Central Charge Service, Inc.,
 
 444 A.2d 965 (D.C.1982). To that extent, therefore, the dismissal of appellant’s complaint cannot be deemed harmless.