Bernard HARRISON, et al., Plaintiffs,

v.

HOWARD UNIVERSITY, Defendant.

Civ. A. No. 93–577.

United States District Court,
District of Columbia.

Oct. 8, 1993.

Robert Scott Harrison, Law Office of Robert S. Harrison, Silver Spring, MD, for plaintiffs.

Susan L. Riley, Howard University, Washington, DC, for defendant.

*MEMORANDUM AND ORDER*

JACKSON, District Judge.

In November, 1989, these four plaintiffs, all residents of Maryland, were co-owners in common of four parcels of land located in Square 2882 in the District of Columbia in the vicinity of the campus of defendant Howard University ("Howard"). Most if not all of the remainder of Square 2882 was owned by Howard.

On November 13, 1989, the District of Columbia Zoning Commission issued a final order rezoning multiple parcels of land in the City, among them the four lots owned by plaintiffs which were "down-zoned" from C–M–1 (commercial) to R–5–B (residential). Plaintiffs allege that the value of their properties was so diminished by the rezoning as to render them of value only to the defendant Howard, to whom they eventually sold them

in March, 1992, at approximately $2.1 million less than their pre-rezoning value.[1]

Plaintiffs have brought this diversity action for damages against Howard for common law "abuse of process." They allege that Howard University instigated the downzoning of their properties by inducing the D.C. Office of Planning to cause Square 2882 to be included in a rezoning proceeding already pending before the Zoning Commission, and that it did so for the express purpose of forcing the plaintiffs to the distress sale of their properties to Howard that they ultimately made. Howard has moved to dismiss or for summary judgment upon the complaint.

Assuming that persuading one public agency to support a particular result upon a matter pending before another such agency having the power to decide it is the equivalent of causing legal "process" to commence, it is nevertheless no "abuse" of that process in the District of Columbia simply to pursue it to a conclusion, even if collateral consequences are both desired and expected to ensue. "Abuse" of process occurs when the legal process itself is "perverted,"[2] and the adverse consequence to the victim is not merely an unfavorable decision. *See Bown v. Hamilton*, 601 A.2d 1074, 1078 (D.C.1992) (citing *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C.1980)).

Plaintiffs contend that an "ulterior motive" on the part of the one accused of abusing the legal process, i.e., a purpose other than to obtain the relief sought, is all that is necessary to establish the element of "abusiveness." The only truly apposite case they cite, however, is *Powers v. Leno*, 24 Mass. App.Ct. 381, 509 N.E.2d 46 (1987) reversing a directed verdict in favor of an adjoining landowner whose allegedly covetous opposition to a rezoning petition caused the collapse of his neighbor's sale of the property contingent upon rezoning. The Massachusetts court held that the landowner's "bad intention," if proved, coupled with the "collateral advantage" he attained in obstructing the sale, was sufficient to establish an abuse of process under Massachusetts common law. 509 N.E.2d at 48.

This case, however, is governed substantively by District of Columbia common law, which, as a federal court sitting in a diversity case, this Court is obliged to follow. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 71, 58 S.Ct. 817, 819, 82 L.Ed. 1188 (1938). In *Bown v. Hamilton, supra*, the District of Columbia Court of Appeals affirmed summary judgment for a defendant landlord whose tenant alleged that the landlord's commencement of eviction proceedings, motivated by a desire to prevent the tenant's exercise of an option in her lease, represented an abuse of process. In the absence of evidence that *the process itself* "was, in fact, used to accomplish an end not regularly or legally obtainable," the *Bown* court held that the supposedly iniquitous "ulterior motive" was legally of no significance, even if true. 601 A.2d at 1080.

In deciding *Bown* the D.C. Court of Appeals reaffirmed its decision in *Morowitz v. Marvel, supra*, committing the District of Columbia to a rule—admittedly the minority rule—that would encourage citizens with grievances to resort to the legal process, even at the cost of tolerating mean-spirited appeals to that process by which the petitioner hopes to gain something more than merely the relief allowed. *Id.*, citing *Morowitz*, 423 A.2d at 197–98.

Thus, in the District of Columbia, unlike Massachusetts, an application to the processes of the law, or of government generally, even if accompanied by *mens rea*, is not actionable as an abuse of process unless the process itself is misused.[3] "No matter

---

1. The record reflects that plaintiffs were granted a rehearing in October, 1990, but the Zoning Commission unanimously reaffirmed its decision in February, 1991.

2. E.g., *Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866 (D.C.1959) and *Hall v. Field Enterprises, Inc.*, 94 A.2d 479 (D.C.1953) (fraudulent writs of attachment).

3. Neither party has cited them, but the Court notes at least two decisions of the U.S. Court of Appeals for the D.C. Circuit that are arguably inconsistent with *Bown*, although also purporting to apply District of Columbia law: *Neumann v. Vidal*, 710 F.2d 856 (D.C.Cir.1983) (abuse of process found in litigation initiated to discourage investment in competitor's business) and *Whelan*

what ulterior motive may have prompted it," *Morowitz*, 423 A.2d at 198—whether to defeat a physician's claim for a fee by charging him with malpractice (*Morowitz*); to extinguish a tenant's option by evicting him (*Bown*); or to depress the value of another's property in order to buy it more cheaply, as alleged here—one who invokes the legal process to obtain such relief as it offers commits no abuse of process. If the relief is within the power of the court or agency to grant, and is warranted by the merits, the process has been lawfully employed.

No actionable abuse of process having been alleged or shown on the part of Howard University here, for the foregoing reasons it is, this 8th day of October, 1993,

ORDERED, that defendant's motion to dismiss, or in the alternative, for summary judgment, is granted; and it is

FURTHER ORDERED, that the complaint is dismissed with prejudice.

*v. Abell*, 953 F.2d 663 (D.C.Cir.1992) (same, to coerce financial concessions from business partner). Neither decision, however, was preceded by reference of a certified question to the D.C. Court of Appeals pursuant to District of Columbia Code, § 11–723(a) (1981). Moreover, *Bown v. Hamilton* and *Whelan v. Abell* were decided

the same day (January 17, 1992). Thus, the *Whelan* court did not have the benefit of the *Bown* decision at the time it ruled as it did.

Nevertheless, this Court is bound to apply District of Columbia law as declared by the D.C. Court of Appeals, not by a federal court of appeals.