James R. WIGGINS, Sr., Plaintiff,

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant.**

No. CIV. A. 98–1279(RWR).

United States District Court, District of Columbia.

July 23, 2001.

Frazer Walton, Jr., Washington, DC, John C. LaPrade, Washington, DC, for Plaintiff.

Anne Kelley Howard, Budow & Noble, P.C., Bethesda, MD, for Defendant.

### *MEMORANDUM OPINION*

ROBERTS, District Judge.

Plaintiff, James R. Wiggins, Sr., filed this lawsuit alleging that State Farm Fire and Casualty Company ("State Farm") wrongfully obtained a default judgment against him in the District of Columbia Superior Court. Plaintiff in his amended complaint asserts causes of action for malicious prosecution, defamation, and abuse of process. State Farm filed a motion to dismiss or for summary judgment, and

plaintiff filed a response which included a Rule 56(f) request for discovery.

Because the requested discovery either has been completed or is not relevant to the dispositive issues, the Rule 56(f) motion will be denied. Defendant is entitled to summary judgment on the malicious prosecution claim because it is barred by the applicable statute of limitations. Defendant is also entitled to summary judgment on the defamation claim because plaintiff has not presented evidence that defendant published the default judgment. Defendant is entitled to summary judgment on the abuse of process claim because plaintiff has not presented evidence that State Farm obtained anything from its lawsuit other than a default judgment, a regularly and legally obtainable result of the judicial process.

## BACKGROUND

Plaintiff is James R. Wiggins, Sr., and his son is James R. Wiggins, Jr. In January 1994, State Farm filed a lawsuit in the Superior Court of the District of Columbia against "James R. Wiggins and Karen Capers." Karen Capers is James R. Wiggins, Jr.'s wife.

In connection with the Superior Court lawsuit, State Farm, through a process server, delivered a copy of the summons and complaint to Christopher Wiggins, the nephew of James R. Wiggins, Jr. and the grandson of James R. Wiggins, Sr. The summons and complaint was served at 5408 Kansas Avenue, NW, Washington, D.C., the home of James R. Wiggins, Sr. James R. Wiggins, Jr., did not live at the Kansas Avenue address and had not lived there for many years.

In September 1994, State Farm obtained a default judgment in the amount of $35,053,53, plus interest, against "James R. Wiggins." The unsatisfied default judgment began to appear on credit reports for James R. Wiggins, Sr.

State Farm filed a motion with the Superior Court to have the default judgment amended to reflect that it was against James R. Wiggins, Jr. The Superior Court granted the motion on February 15, 1996, but the default judgment was still reflected on plaintiff's credit reports at the time this lawsuit was filed in May 1998.

## DISCUSSION

I. *Rule 56(f) Motion*

██ Rule 56(f) of the Federal Rules of Civil Procedure provides that if it should

> appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). Rule 56(f) recognizes the importance of discovery in defending a motion for summary judgment. *Dyson v. Winfield*, 113 F.Supp.2d 35, 42 (D.D.C. 2000). Rule 56(f) "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the non-moving party has not had an opportunity to make full discovery." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In this case, plaintiff stated that he needed to depose Kenneth Epps, the State Farm agent, and to depose the process server. It appears from the record that plaintiff has now deposed Epps. *See* Deposition of Kenneth Epps, attached as Exh. A to Plaintiff's Supplemental Opposition.

■ The return of service indicates that the process server delivered a copy of the summons and complaint to Christopher Wiggins at plaintiff's address. *See* Affidavit of Service, Exh. B to Rule 56(f) Motion. More detailed information regarding service is not relevant to whether the malicious prosecution claim is time-barred, whether State Farm published the default judgment, or whether State Farm obtained anything other than a default judgment through the judicial process in this case. Because the requested discovery either has been completed or is not relevant to the dispositive issues, the Rule 56(f) motion will be denied.

## II. *Motion to Dismiss or for Summary Judgment*

Defendant moved to dismiss or for summary judgment on plaintiff's complaint. The parties have both submitted evidence outside the pleadings. Because this evidence has not been excluded, the Court will consider the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 12(b).

"Summary judgment is appropriate when evidence on file shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *America's Community Bankers v. Federal Deposit Insurance Corp.,* 200 F.3d 822, 831 (D.C.Cir.2000) (quoting Fed.R.Civ.P. 56(c)). "Not all alleged factual disputes represent genuine issues of material fact which may only be resolved by a jury. Material facts are those that might affect the outcome of the suit under governing law, and a genuine dispute about material facts exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotations omitted).

## A. MALICIOUS PROSECUTION CLAIM

■ Under District of Columbia law, the statute of limitations for a malicious prosecution claim is one year. D.C.Code § 12–301(4); *see also Saunders v. Nemati,* 580 A.2d 660, 661 (D.C.1990). The statute of limitations "begins to run when the underlying action against a plaintiff terminates, not when the underlying action is initiated." *Parker v. Grand Hyatt Hotel,* 124 F.Supp.2d 79, 87 (D.D.C.2000) (citing *Shulman v. Miskell,* 626 F.2d 173, 176 (D.C.Cir.1980)).

Plaintiff concedes that his complaint, filed May 22, 1998, was filed more than one year after February 15, 1996, the date the Superior Court granted State Farm's Motion to Amend the Complaint and Judgment to clarify that the default judgment was against James R. Wiggins, Jr. Instead, plaintiff argues that his malicious prosecution claim is protected by equitable estoppel, equitable tolling, fraudulent concealment, and the discovery rule.

■ Under the doctrine of equitable estoppel, a defendant cannot rely on the statute of limitations as a defense if his conduct has lulled the plaintiff into inaction until the statute has expired. *See Alley v. Dodge Hotel,* 551 F.2d 442, 446–47 (D.C.Cir.1977), *cert. denied,* 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277 (1977). If equitable estoppel applies, the defendant's conduct "postpones the date at which a court will consider the injury to have accrued; the statute of limitations only begins to run once the defendant's wrongful actions to induce a filing delay have ceased." *Bailey v. International Brotherhood,* 175 F.3d 526, 530 (7th Cir.1999).

In this case, the conduct relied upon by plaintiff to support his equitable estoppel argument occurred before the statute of limitations began to run on February 15,

1996. Plaintiff has identified no affirmative conduct by State Farm after the February 15, 1996, starting date. Equitable estoppel, if otherwise applicable, would not extend the date on which the statute of limitations began to run.

A court can equitably toll the statute of limitations, but its power to do so "will be exercised only in extraordinary and carefully circumscribed instances." *Washington v. Washington Metropolitan Area Transit Auth.*, 160 F.3d 750, 753 (D.C.Cir.1998). The plaintiff will not be allowed extra time to file unless he has exercised due diligence, and the plaintiff's excuse must be more than a "garden variety claim of excusable neglect." *Id.* (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Plaintiff believed as of February 15, 1996, that he had been wrongfully sued by State Farm, that State Farm had improperly obtained a default judgment against him, and that he had experienced credit problems as a result. Plaintiff's delay in filing this lawsuit for more than two years thereafter does not demonstrate due diligence on his part. Plaintiff does not present an "extraordinary" case in which this Court should exercise its equitable tolling power.

For fraudulent concealment to toll the statute of limitations, "there must be both fraudulent concealment on the part of defendant and reasonable diligence on the part of plaintiff to discover his claim." *Johnson v. Amoco Oil Co.*, 790 F.Supp. 335, 338 (D.D.C.1992) (citing *Hobson v. Wilson*, 737 F.2d 1, 34–35 (D.C.Cir. 1984)). There is no evidence that State Farm fraudulently concealed from plaintiff the proceedings in Superior Court; indeed, plaintiff knew of and moved to intervene in those proceedings.

Plaintiff also argues that he did not discover his malicious prosecution claim until he learned in April 1998 that the default judgment was "*still* being reported against him on his credit reports . . . ." *See* Plaintiff's Memorandum of Points and Authorities, at 22 (emphasis in original). The discovery rule "emerged to redress situations in which the fact of injury was not readily apparent and indeed might not become apparent for several years after the incident causing injury had occurred." *Zandford v. National Assoc. of Securities Dealers, Inc.*, 30 F.Supp.2d 1, 19 (D.D.C.1998) (quoting *Stager v. Schneider*, 494 A.2d 1307, 1316 (D.C. 1985)), *aff'd*, 221 F.3d 197, 2000 WL 292931 (D.C.Cir.2000) (Table). "[I]f the injury is such that it should reasonably be discovered at the time it occurs, then the plaintiff should be charged with discovery of the injury, and the limitations period should commence, at that time." *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342 (D.C.Cir.1991).

Plaintiff alleged in January 1996 when he filed his motion to intervene in the Superior Court litigation that he was experiencing credit difficulties as a result of the default judgment obtained by State Farm. Not only was the credit problem an injury which "should reasonably be discovered" at the time it occurred, plaintiff actually discovered the injury prior to February 1996 when the statute of limitations began to run. It is inconsequential that he did not then know the full extent or duration of the injury. *See Fitzgerald v. Seamans*, 553 F.2d 220, 227 (D.C.Cir.1977).

Plaintiff did not file his malicious prosecution claim within one year after it accrued on February 15, 1996. Plaintiff has not presented evidence which would support the application of equitable estoppel, equitable tolling, fraudulent concealment, or the discovery rule. As a result, plain-

tiff's malicious prosecution claim is barred by the one-year statute of limitations.

## B. DEFAMATION CLAIM

■ Plaintiff asserts a defamation claim against State Farm in connection with the Superior Court default judgment. "The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Travelers Indemnity Co. v. United Food and Commercial Workers Int'l. Union,* 770 A.2d 978, 989 (D.C.2001).

■ Defendant argues that it did not publish the default judgment, citing *Global Van Lines, Inc. v. Kleinow,* 411 A.2d 62 (D.C.1980). The District of Columbia Court of Appeals in *Global* noted that it was aware of "no case which has expanded the number of parties responsible for defamatory statements so far as to hold a litigant liable for documents issued by a court." *Id.* at 64. The *Global* decision is dispositive here. In this case, the entity which "published" the default judgment, to the extent it was "published" at all, was the Superior Court, not State Farm. A party's participation in the "publication" of a judicial order by seeking entry of the order does not support imposition of liability for defamation under District of Columbia law. *Id.* at 64 n. 2.[1]

Because plaintiff has presented no evidence that State Farm published the default judgment or even advised any third party of its existence, defendant is entitled to summary judgment on plaintiff's defamation claim.

## C. ABUSE OF PROCESS CLAIM

■ "To charge an abuse of process, there must be a perversion of court processes to accomplish some end which the process was not intended by law to achieve, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do." *Washington Medical Center, Inc. v. Holle,* 573 A.2d 1269, 1285 (D.C.1990) (citing *Williams v. City Stores,* 192 A.2d 534, 537 (D.C.1963)). In *Morowitz v. Marvel,* 423 A.2d 196 (D.C.1980), the District of Columbia Court of Appeals affirmed the dismissal of an abuse of process claim, holding that merely filing a claim in a lawsuit was not actionable, "no matter what ulterior motive may have prompted it." *Id.* at 198. "Rather, in addition to ulterior motive, there must have been a 'perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge.'"[2] *Bown v. Hamilton,* 601 A.2d 1074, 1080 (D.C.1992) (quoting *Morowitz,* 423 A.2d at 198). In *Morowitz,* the fact that a counterclaim was filed with the ulterior motive of coercing a

---

1. In *Global,* the court noted that "one court has held defamatory a person's false statement that a judgment was outstanding against another person." *Global,* 411 A.2d at 64 n. 3 (citing *Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc.,* 367 F.2d 625, 629 (3rd Cir. 1966)). In this case, however, plaintiff has not presented evidence that State Farm told anyone about the default judgment.

2. The "perversion of the judicial process" requirement reflects the District of Columbia's philosophy of encouraging citizens with grievances to resort to the legal process, "even at the cost of tolerating mean-spirited appeals to that process by which the petitioner hopes to gain something more than merely the relief allowed." *See Harrison v. Howard Univ.,* 846 F.Supp. 1, 2 (D.D.C.1993), *aff'd,* 48 F.3d 562, 1995 WL 66738 (D.C.Cir.) (Table), *cert. denied,* 516 U.S. 821, 116 S.Ct. 82, 133 L.Ed.2d 40 (1995).

settlement was insufficient to support a cause of action for abuse of process "where there was no showing that the process was, in fact, used to accomplish an end not regularly or legally obtainable." *Id.; Epps v. Vogel,* 454 A.2d 320, 324 (D.C. 1982). "[T]he gist of the action lies in the improper use [of process] after issuance." *Morowitz,* 423 A.2d at 198.

*Moradi v. Protas, Kay, Spivok & Protas,* 494 A.2d 1329 (D.C.1985), is particularly instructive. In *Moradi,* the plaintiff alleged that the defendant "negligently, and in abuse of process, sought and obtained a default judgment and a writ of attachment in each case." *Id.* at 1330. The court noted that the allegations in that case, involving more extensive conduct on the part of the defendant than is alleged against State Farm, did not state a claim for abuse of process. *Id.* at 1333 n. 7 (citing *Tyler v. Central Charge Service, Inc.,* 444 A.2d 965 (D.C.1982)).

Plaintiff's complaint does not allege facts which would support an abuse of process claim because the entry of a default judgment is a regular, legally-obtainable result of the judicial process. Because plaintiff, like the plaintiff in *Moradi,* has not presented evidence of a "perversion of the judicial process" by State Farm when it obtained the default judgment in Superior Court, defendant is entitled to summary judgment on the abuse of process claim.

## CONCLUSION

Plaintiff either has completed the discovery he requests in his Rule 56(f) motion or has failed to show how the requested discovery is relevant to the dispositive issues in this case. The Court will, therefore, deny plaintiff's motion for discovery.

Plaintiff's malicious prosecution claim is time-barred. Plaintiff has failed to present evidence which raises a genuine issue of material fact regarding whether defen-

dant published the default judgment at issue or whether defendant obtained anything from its lawsuit other than a standard default judgment. As a result, the Court will grant defendant's motion for summary judgment.