Frederica L. GRANT, Plaintiff,

v.

PFIZER INC., Defendant.

No. 86 Civ. 5500 (RLC).

United States District Court,
S.D. New York.

March 1, 1988.

Charles E. Morrison, New York City, for plaintiff.

Epstein Becker Borsody & Green, New York City (Ronald M. Green, Richard J. Reibstein, of counsel), for defendant.

Richard H. Kapp, New York City, Corporate Counsel for Defendant Pfizer Inc.

OPINION

ROBERT L. CARTER, District Judge:

Plaintiff Frederica L. Grant, a black woman, brought this action against her former employer, defendant Pfizer Inc., alleging intentional infliction of emotional distress, violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and employment discrimination in violation of the Civil Rights Acts of 1866 and 1964. 42 U.S.C. §§ 1981 & 2000e *et seq.* Defendant has moved for summary judgment dismissing plaintiff's complaint in its entirety, and for sanctions pursuant to Rule 11, F.R.Civ.P.

Plaintiff held the position of Personnel Supervisor in defendant's Materials, Pigments and Metals ("MPM") Division. On May 16, 1984, plaintiff's supervisor, M. Robert Lowe, informed her that her position was being eliminated due to "extremely difficult business conditions" which had required the elimination of over 300 jobs in the MPM Division. It is undisputed that defendant's Materials Science Products ("MSP") Group, under which the MPM Division falls, registered an operating loss of $28.9 million in 1982, and earned a return of only 0.1% on its 1983 sales. Lowe Reply Aff't, Ex. 2. Plaintiff contends, however, that on the basis of her gender and race she was singled out from among four other employees of MSP's Personnel Department, all of whom were white males, when the decision was made to eliminate twenty percent of the workforce of the MPM Division's New York headquarters.

I. Motion for Summary Judgment.

Plaintiff's claim for intentional infliction of emotional distress must be dismissed from the outset as time-barred. The applicable statute of limitations is N.Y. Civ.Pract.L. § 215(3), which provides for commencement of actions within one year. *Hansen v. Petrone*, 124 A.D.2d 782, 508 N.Y.S.2d 500, 501 (2d Dep't 1986); *Goldner v. Sullivan, Gough, Skipworth, Summers & Smith*, 105 A.D.2d 1149, 1151, 482 N.Y. S.2d 606, 608 (4th Dep't 1984). Plaintiff left defendant's employ in August, 1984, but did not bring suit until July, 1986, nearly two years after the acts of which she complains.

To defeat defendant's motion for a summary judgment dismissing her Equal

Pay Act claim, plaintiff must come forward with some admissible evidence, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986), that Pfizer paid her less than it paid male employees for "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974) (plaintiff bears burden of proof on issue of equality of work). Plaintiff has offered no evidence on this issue, but only the conclusory statement that she "believes, based upon knowledge gained as a personnel supervisor at PFIZER, that because of . . . sex, she was paid far less while employed by PFIZER than other [sic] white male employees of PFIZER who were performing similar functions." Grant Aff't, ¶ 38. To raise a triable issue, plaintiff must, at a minimum, identify by names or job titles the men whom she alleges received higher pay for substantially equal work. *See, e.g., Carlton v. Interfaith Medical Center*, 612 F.Supp. 118, 121 (E.D.N.Y.1985).

Nor may she rest on the argument that the evidence which might substantiate her claim is within the defendant's exclusive control. Plaintiff's Br. at 12. The close of discovery is long past, and plaintiff has at no time moved the court to compel production of the evidence that defendant is said to possess. Summary judgment must be entered "after adequate time for discovery . . . against a party who fails to make a showing sufficient to establish the exist-

ence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 106 S.Ct. at 2552–53. Plaintiff's Equal Pay Act claim must be dismissed.

■ The standards governing the burden and order of proof in Title VII cases, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), apply equally to cases arising under Section 1981. *Hudson v. Int'l Business Machines Corp.*, 620 F.2d 351, 354 (2d Cir.1980); *Jackson v. Ebasco Services Inc.*, 634 F.Supp. 1565, 1570 (S.D.N.Y.1986) (Sprizzo, J.). Where the plaintiff has established *prima facie* employment discrimination,[1] and the defendant has articulated a legitimate, nondiscriminatory reason for the employee's discharge, the burden shifts back to the plaintiff to produce evidence that the articulated reason for her discharge is pretextual. *McDonnell Douglas*, 411 U.S. at 802–04, 93 S.Ct. at 1824–25. While the burden of production may shift, the plaintiff always bears the ultimate burden of persuading the trier of fact, *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981), that her race or gender was a "determinative factor" in her discharge. *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 82 (2d Cir. 1983).

■ Defendant's asserted reason for terminating plaintiff's employment was its need to reduce operating expenses in the face of a downturn in the market for cer-

---

1. An employment discrimination plaintiff bears the *prima facie* burden of proving "(i) that she belonged to a protected class, (ii) that her job performance was satisfactory, (iii) that she was discharged and (iv) that, after she was discharged, 'the position remained open and the employer continued to seek applicants from persons of complainant's qualifications'." *Meiri v. Dacon*, 759 F.2d 989, 995 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985) (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824). Defendant argues that the element of discharge is not met here, and points to plaintiff's deposition testimony to the effect that Lowe guaranteed her another position within Pfizer and gave her the option of remaining in her job until she could be placed elsewhere.

Defendant's Br. at 36. Lowe himself, however, denied making this statement, calling such a promise "inherently implausible during a reduction-in-force situation." Lowe Depo., Ex. 6. On this motion, the court must draw all justifiable inferences in the plaintiff's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Since the evidence could support a finding that Lowe terminated plaintiff's employment while simply suggesting that she might consider *interviewing* for another position at Pfizer, e.g. Grant Aff't, ¶ 18, the *prima facie* element of discharge is established. For this reason, the court need not address the issue of constructive discharge. *Cf. Pena v. Brattleboro Retreat*, 702 F.2d 322 (2d Cir.1983).

tain of its products in 1982 and 1983. In response to these business conditions, more than three hundred MPM Division employees were laid off. Of the eight employees who lost their jobs upon a twenty percent staff reduction at the New York City headquarters, all but plaintiff were white males. Plaintiff misses the mark in her claim that MPM's parent Group realized a substantial profit in *1984;* the policy in the execution of which her position was eliminated was inaugurated in January, 1984, and no doubt was responsible in part for the MSP Group's improved financial status in 1984.

Plaintiff goes on to argue that Lowe's decision that she, and not one of the white males in the personnel department, should be the one fired was based on racial and gender animus. Plaintiff has come forward with no evidence, however, that would tend to show such animus, whether directly or indirectly. *See Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. Plaintiff had dealt with personnel matters for a total of six years, compared with a range of from twelve to twenty-five years for the department's other employees. Furthermore, each of those other employees had specialized training and functions in such areas as labor relations or occupational safety and health, while plaintiff performed tasks that were more general, and hence more readily delegated.

Plaintiff "believes that she was shunned and discriminated against by management and by co-workers" for marrying a white co-worker and bearing his child in the winter of 1983–84, Grant Aff't, ¶¶ 15–16, but offers no evidence that her marriage and child-birth contributed specifically to Lowe's decision to fire her. Indeed, she has twice affirmed under oath that Lowe treated her fairly at all times prior to terminating her employment in May of 1984, Grant Aff't, ¶ 12; Depo. of Grant, at 34, and specifically denies that Lowe showed her any ill-will upon her marriage or her return from maternity leave. Depo. of Grant, at 50. The discriminatory motives of parties who played no role in the decision to discharge are irrelevant to the inquiry at hand. *See Pena v. Brattleboro Retreat,* 702 F.2d 322, 323 (2d Cir.1983) (employer's motive to discriminate must be "but for" cause of discharge) (quoting *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1019 (1st Cir.1979)). Plaintiff's remaining arguments concern events which took place subsequent to her discharge and are of no probative value in establishing, directly or indirectly, a discriminatory motive.[2]

## II. Motion for Rule 11 Sanctions.

■ Since its amendment in 1983, Rule 11, Fed.R.Civ.P., has imposed on attorneys the duty to make "reasonable inquiry" into both the facts and the law before interposing a claim for relief. Rule 11, Fed.R. Civ.P. The amendment substitutes an objective standard for the previous standard of good-faith belief. *See Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985); Symposium, "Amended Rule 11 of the Federal Rules of Civil Procedure: How Go the Best Laid Plans?", 54 Fordham L.Rev. 1, 6–7 (1985) (remarks of Robert L. Carter). A claim must be, on the one hand, "well grounded in fact," and on the other hand, "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Rule 11, Fed.R.Civ.P. The Rule's injunction creates no continuing obligation, but "applies only to the initial signing" of a pleading. *Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *see* Rule 11, Fed.R. Civ.P., advisory committee note (court "should test the [attorney's] conduct by what was reasonable to believe at the time the pleading ... was submitted"). Infringement of Rule 11's requirements is remedied by an award of sanctions against the infringing party or her attorney.

Defendant's motion for sanctions here is premised on the factual basis of plaintiff's

---

**2.** This would not be the case, of course, if those events bore out the existence of a continuing policy or practice of intentional discrimination which operated at the time of the discharge. Here, however, there is no evidence that such a policy or practice was in effect at the relevant time.

statutory claims and on the legal basis of her tort claim. The frivolity of plaintiff's claims under the Civil Rights Acts of 1866 and 1964 and the Equal Pay Act is said to be demonstrated by the fact that she "was unable to point to any facts during the course of her deposition upon which she based" those claims.[3] Defendant's Br. at 61. A plaintiff, however, "does not have to be prepared to meet a summary judgment motion as soon as the complaint is filed." *Oliveri*, 803 F.2d at 1279 (citing *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011–12 (2d Cir.1986)). In *Oliveri*, a police misconduct case, the complaint included a claim against the commissioner of police for failure to supervise the arresting officers. The court recognized that

> when commencing a suit of this type neither the plaintiff nor his attorney is likely to know much about the relevant internal operations of the police department, nor about the disciplinary history and record of the particular officers involved. In view of the strong policies favoring suits protecting the constitutional rights of citizens, we think it would be inappropriate to require plaintiffs and their attorneys before commencing suit to obtain the detailed information needed to prove a pattern of supervisory misconduct. . . .

803 F.2d at 1279. Rule 11 sanctions were held inappropriate.

■ Precisely the same reasoning applies here. While plaintiff did not succeed in coming forward with the evidence necessary to survive defendant's motion for summary judgment, her attorney's expectation that discovery would produce such evidence was neither unreasonable nor vexatious. It is true that as Personnel Supervisor plaintiff was "in a better position than most" to know the facts that would bear out her claims, Defendant's Br. at 62, but from this fact it only follows that her attorney was the more justified in relying on her for his information. It certainly does not follow that plaintiff, a black woman, would have been made privy to any acts of discrimination that her employer may have committed covertly in an effort to evade the law.

■ The assertion of a claim for the intentional infliction of emotional distress nearly two years out of time evidences a clear failing on the part of plaintiff's attorney. While the language of N.Y.Civ. Pract.L. § 214(5) understandably led him to believe that its three-year limitation period applied, ordinary research should have directed his attention to the unequivocal line of cases holding otherwise. His failure to make "reasonable inquiry" into the applicable statute of limitations subjects plaintiff's attorney to sanctions under Rule 11. *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir.1986). Naturally, "if the law is so clear that plaintiff's case was so weak, it should not have required much research and effort on the part of defense counsel to defend successfully." *Aetna Casualty & Surety Co. v. Fernandez*, 830 F.2d 952, 956 (8th Cir. 1987). Therefore, the court sanctions plaintiff's counsel in the amount of one hundred dollars.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted in full. Defendant's motion under Rule 11 is granted in part, and plaintiff's attorney is ordered to pay defendant sanctions in the amount of one hundred dollars.

IT IS SO ORDERED.

---

3. Defendant also argues that plaintiff's allegation that she was terminated was made in bad faith, since plaintiff herself "voluntarily chose to resign." Defendant's Br. at 61. The court rejects this argument for the reasons given in note one, *supra*.